**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Lewis Joe BRIGMAN, Defendant–Appellant.**

**No. 91–1432.**

United States Court of Appeals, Fifth Circuit.

Feb. 3, 1992.

Shirley Baccus–Lobel, Dallas, Tex., for defendant-appellant.

Joe C. Lockhart, John P. Bradford, Asst. U.S. Attys., Marvin Collins, U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before DAVIS, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Lewis Joe Brigman pleaded guilty to the offenses of wire fraud, mail fraud, and tax evasion, and was sentenced in April 1991 to 51 months imprisonment on the three counts of conviction, together with $561,-970 in restitution to be paid when he is released from prison. On appeal, he challenges the district court's refusal to grant a two-level reduction in his base sentencing level for acceptance of responsibility. We hold that recent amendments to the commentary to the guidelines do not materially change the interpretation or standard of appellate review for such a two-level decrease. U.S.S.G. § 3E1.1 and Commentary (1990). We also hold that the trial court did not err in its assessment of the facts underlying Brigman's claim.

Following the probation officer's recommendation in the presentence report, the district court found that Brigman "has not clearly demonstrated this recognition [of his responsibility] and in the words of the Fifth Circuit sincere contrition" for his

criminal conduct. That conduct consisted of long-running schemes of commercial bribery and kickbacks Brigman operated to the disadvantage of his employer, an oil-field pipe supply company.

Section 3E1.1 of the Sentencing Guidelines states that a defendant may qualify for a reduction of the base offense level for acceptance of responsibility. Effective November 1, 1990, Application Note 3 of the Commentary to § 3E1.1 was amended by deleting the prior language of Note 3, as follows:

> 3. A guilty plea may provide some evidence of the defendant's acceptance of responsibility. However, it does not, by itself, entitle a defendant to a reduced sentence under this section.

The following language was inserted in lieu thereof:

> 3. Entry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility for the purposes of this section. However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.

*See* U.S.S.G., Appendix C, amendment 351, p. C.196 (1990).

The "Background" Commentary to § 3E1.1 was also amended by deleting, *inter alia*, "sincere remorse" and inserting in lieu thereof "acceptance of responsibility." *See id.* The revised background commentary thus reads that "a defendant who clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the offense and related conduct ... is appropriately given a lower offense level than a defendant who has not demonstrated *acceptance of responsibility.*" *See* § 3E1.1, Background Commentary (1990).

Application Note 5 was also amended by the Sentencing Commission. Note 5 formerly read as follows: "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." The amendment deleted the phrase "and should not be disturbed unless it is without foundation." U.S.S.G., Appendix C, Amdmt. 351, p. C.196 (1990).

The amendments to the commentary were intended by the Sentencing Commission to clarify the operation of the guideline. U.S.S.G., Appendix C, Amdmt. 351, p. C.197 (1990). The Commentary to the guideline provisions "is to be treated as the legal equivalent of a policy statement" and "[f]ailure to follow such commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal." U.S.S.G. § 1B1.7; *see also* 18 U.S.C. § 3553(a)(5) (the court "shall consider" any pertinent policy statement issued by the Sentencing Commission in determining a sentence to be imposed. *See United States v. Ayers,* 946 F.2d 1127, 1130 (5th Cir.1991).

■ Brigman argues that these changes to the commentary and application notes on § 3E1.1 are substantive in nature, that they conflict with and essentially overrule some of our prior cases, and that they create a "rebuttable presumption" in favor of a reduction for acceptance of responsibility for a defendant who enters a plea of guilty and acknowledges involvement in the offense and related conduct. We disagree. First, as noted, these amendments to the commentary were intended by the sentencing commission to clarify the operation of § 3E1.1. U.S.S.G. Appendix C, Amdmt. 351, p. C.197 (1990). Had the Commission sought to create a "rebuttable presumption" in favor of a two-level reduction for acceptance of responsibility, surely it would have amended the guideline itself rather than simply the accompanying commentary. Yet § 3E1.1(c) continues to state that "[a] defendant who enters a guilty plea is not entitled to a reduction under this section as a matter of right." Second, the changes in the commentary are plainly more a matter of emphasis than of substantive applicability. The changes are best reflected in the statement that a plea of guilty combined with truthful admission of

involvement in the offense and related conduct "will constitute significant evidence" of acceptance of responsibility. "Significant evidence" is not a "presumption;" still less can it be considered to create a presumption in light of the myriad factors that the commentary holds relevant to an acceptance of responsibility finding. We therefore disagree with the commentator on whom Brigman relies for this proposition. *See Hutchison,* "Highlights of the 1990 Amendments Federal Sentencing Guidelines Manual," Federal Sentencing Guidelines Manual 1991 West Publishing Company ed. at xiii.

In any event, the determination of acceptance of responsibility remains a factual one committed to the trial court, to which this court accords even greater deference than under the clearly erroneous standard. *United States v. Buss,* 928 F.2d 150, 151–52 (5th Cir.1991); *United States v. Fabregat,* 902 F.2d 331, 334 (5th Cir. 1990). As Brigman suggests, some of our decisions have relied on the previous version of the commentary to review whether the trial court's decision against a two-level acceptance of responsibility reduction was "utterly lacking in foundation." *See e.g., United States v. Thomas,* 870 F.2d 174, 176–77 (5th Cir.1989). The amendment has deleted the "without foundation" standard, but it retained the admonition that the trial judge's determination is entitled to "great deference" on review. There has been no practical difference in the way our cases have applied these two standards. Review of this case in particular does not change by virtue of the amendment. Thus, with great deference, we review the facts supporting the district court's determination.

Brigman's challenge to the factual finding relies heavily on the "rebuttable presumption", which we have rejected, and on the court's asserted reliance upon false statements to the Internal Revenue Service that formed the basis of four tax evasion counts against him. He also challenges two or three specific comments by the probation officer that questioned his candor with regard to his overall financial condition and assets. The trial court's decision, however, finds considerable additional support in the record. First, Application Note 1(c) to § 3E1.1 states that "voluntary and truthful admission to authorities of involvement in the offense and related conduct" is an appropriate sentencing consideration. Apart from the false statements made to IRS agents in 1989, the PSR showed a continued failure by Brigman to disclose the source of his cash deposits; attempts to excuse his acts based on tragic family difficulties; the attempt to excuse or cover up the fact that pipe was stolen; the apparent continuation of a lifestyle beyond his alleged financial means; and less than full cooperation in supplying financial information to the probation officer. Brigman was willing to acknowledge only what was known to the government through its investigation and did not provide any further information. A defendant's coyness and lack of candor demonstrate an inadequate acceptance of responsibility. *United States v. Barreto,* 871 F.2d 511 (5th Cir. 1989). Grudgingly cooperating with authorities or merely going through the motions of contrition does not oblige a district court to grant an unrepentant criminal the two-step reduction. *United States v. Harris,* 882 F.2d 902, 906 (4th Cir.1989). Exercising great deference to the district court's factual finding, we will not reverse it.

For these reasons, the sentence imposed by the district court is AFFIRMED.