### UNITED STATES of America, Plaintiff–Appellee,

v.

### Chester PRYOR, Defendant–Appellant.

### Nos. 90–2405, 90–2415 and 90–2423.

United States Court of Appeals, Seventh Circuit.

Argued June 4, 1991.

Decided March 12, 1992.

Gwenn R. Rinkenberger, Andrew B. Baker, Jr. (argued), Asst. U.S. Attys., Office of the U.S. Atty., Dyer, Ind., for U.S.

---

M. Jacqueline Walther (argued), Kielian & Walther, Chicago, Ill., for Chester Pryor.

Before COFFEY, RIPPLE and MANION, Circuit Judges.

COFFEY, Circuit Judge.

Chester Pryor appeals his sentences for violation of probation, credit card fraud in violation of 18 U.S.C. § 1014 and taking with the intent to steal money of a federally insured bank in violation of 18 U.S.C. § 2113(b). The appellant further requests that his stipulation to the probation violation and his guilty pleas to the credit card and bank frauds be set aside. We refuse to set aside either his stipulation to the probation violation or pleas of guilty—we affirm.

## I. FACTS

Pryor pled guilty in the Northern District of Indiana on December 18, 1985, to making a false claim for unemployment benefits against the Railroad Retirement Board in violation of 18 U.S.C. § 287. The district court (Judge Michael S. Kanne) suspended the imposition of sentence and placed Pryor on probation for a period of five years. In September of 1988, while on probation, Pryor was charged and convicted of bank fraud in the United States District Court for the Northern District of Illinois. After pleading guilty to two counts of bank fraud in violation of 18 U.S.C. § 1344, Pryor was sentenced to twenty-seven months of imprisonment to be followed by three years of supervised release on each count, with the sentences to be served concurrently.[1] Just prior to his release from federal imprisonment for the Illinois sentence, Pryor was arrested January 29, 1990, on a warrant issued out of the Northern District of Indiana for probation revocation. On the date set for the probation revocation hearing, Pryor

and the government joined in a request for a continuance in order that two additional charges might be disposed of with the probation revocation. At this time Pryor filed petitions with the court requesting that the court allow him to enter guilty pleas to the two additional charges.

On April 12, 1990, Pryor appeared before the district court in the Northern District of Indiana for a probation revocation hearing as well as for the court's consideration of his guilty pleas, pursuant to a plea agreement, to the two criminal informations involving the new charges for the federal crimes committed in Indiana.[2] At the hearing, the defendant stipulated to the commission of a crime in Illinois, thus establishing a violation of the terms of his federal probation. At that time the government submitted a copy of the certificate of conviction from the United States District Court for the Northern District of Illinois, Western Division, in confirmation of the probation violation. The court questioned Pryor thoroughly in dealing with the crimes he was pleading to as well as his understanding of the terms of the plea agreement including his understanding of the significance of the rights he was waiving in entering the pleas of guilty. Additionally, the judge was careful to point out to the defendant that the court's decision as to whether to accept the guilty pleas for the new charges would have no influence on the disposition of the probation revocation:

> "THE COURT: What I want to be certain, Mr. Kinney [defense attorney] and Ms. Rinkenberger [Assistant United States Attorney], that the defendant realized that my decision on the probation revocation has nothing to do with the plea agreement. In other words, I am not going to be bound insofar as the probation revocation is concerned, is that understood by all of the parties?

1. The defendant's sentence was later reduced to eighteen months upon the recommendation of the government because of his cooperation in testifying against his partner in the bank fraud scheme. As a condition of his supervised release, Pryor was ordered to pay restitution of $8,496.09 and a fine of $5,000.

2. In the plea agreement, Pryor agreed to waive his right to be charged through a grand jury indictment.

"MR. KINNEY: I think Mr. Pryor understands that; don't you, sir?

"THE DEFENDANT: Yes."

The court took the issue of the probation revocation under advisement and told the defendant he would defer his ruling as to whether he would accept or reject the plea agreement until the sentencing hearing.

Under the terms of the plea agreement, the government agreed to recommend that Pryor receive the minimum sentence under the guideline range on the two new charges of bank fraud and credit card fraud in Indiana, and that the sentences be served concurrently with the sentence imposed under the probation revocation in connection with the prior conviction of making a false claim against a governmental agency (18 U.S.C. § 287). At the probation revocation and guilty plea hearing, the district judge made certain that Pryor understood that the court was not bound by the government's recommendations. He further explained that he would be free to impose the maximum sentences consecutively or concurrently for the convictions of bank fraud, credit card fraud and the parole revocation. At the sentencing hearing, the trial judge determined that he would accept the government's recommendation of imposing the minimum term of imprisonment within the guideline range on the charges of bank fraud and credit card fraud, to be served concurrently with the sentence imposed on the revocation of probation count. After determining that the applicable guideline range for the criminal informations was twelve to eighteen months imprisonment, the court sentenced Pryor concurrently to twelve months incarceration for bank fraud and twelve months for credit card fraud, concurrent with a five year maximum term of imprisonment for his probation violation on his conviction of making a false claim against a governmental agency.[3] The court further imposed a term of three years of supervised release to be served upon the termination of his confinement. As a special condition of release on both the credit card fraud and bank fraud charges, the court ordered that Pryor "make restitution in the amount of $4,500 to the 1st National Bank of East Chicago." The court also imposed a requirement of 300 hours of community service as a condition of release.

## II. ISSUES

■ The appellant raises the following issues on appeal: 1) whether the sentencing judge's *ex parte* conference with the probation officer who submitted the presentence report was reversible error; 2) whether Pryor's stipulation to the probation violation was void for being involuntary; and 3) whether the government's failure at the sentencing hearing to advise the court of Pryor's willingness to cooperate in ongoing investigations, in accordance with the plea agreement, was a breach of the agreement and requires that the guilty pleas be set aside.[4]

## III. EX PARTE COMMUNICATION

At the sentencing hearing, the judge stated in the presence of Pryor and his attorney that he had engaged in an in-depth discussion of the case with the probation officer who wrote the presentence report. Pryor argues that this *ex parte* communication requires remanding for resentencing because it deprived him of the opportunity to respond to the information provided by the probation officer in accordance with Federal Rule of Criminal Procedure 32(c)(3). The appellant has failed to cite any case law in support of his proposition that it is reversible error for the sentencing judge to communicate *ex parte* with the probation officer who authored

---

3. Under 18 U.S.C. § 4205(a), Pryor is eligible for parole 20 months after his sentence began.

4. The appellant also challenges the condition of release on the credit card fraud count that Pryor make restitution of $4,500 to the 1st National Bank of East Chicago. As the appellant points out, the credit card offense involved the Mercantile National Bank (location undisclosed) rather than the 1st National Bank of East Chicago, and there was no monetary loss on this offense. Because the Bank suffered no monetary loss, this condition of release requiring restitution on the credit card fraud charge was in error.

the presentence report prior to the sentencing hearing, and we are unaware of any such case. Pryor relies upon *United States v. Spudic*, 795 F.2d 1334 (7th Cir. 1986), for his argument that the judge's *ex parte* meeting with the probation officer was reversible error. *Spudic* is distinguishable from this case, as it dealt with the question of the sentencing judge's *ex parte* meeting with a "sentencing counsel" of probation officers. Under that circumstance, we held that resentencing was necessary because the district judge could have inadvertently been influenced by information from a *probation officer other than the officer that submitted the presentence report. Id.* at 1343. The *Spudic* appeal did not challenge "[t]he *ex parte* conferring of the sentencing judge with his particular probation officer, the one responsible for the preparation of the presentence report," *id.*, and we did not criticize such a procedure.

■ We doubt that the appellant's mere speculative allegation that the sentencing judge received additional information in his *ex parte* meeting with the probation officer is adequate justification for extending *Spudic* to this case, but under the circumstances it is unnecessary to decide, for the defense attorney's failure to object to this conference at the sentencing hearing waives the argument on appeal. *See United States v. Petitjean*, 883 F.2d 1341, 1349 (7th Cir.1989). "[T]his court has repeatedly stated that arguments raised for the first time on appeal are waived." *United States v. Harty*, 930 F.2d 1257, 1261 (7th Cir.1991) (quoting *Colon v. Schneider*, 899 F.2d 660 (7th Cir.1990)). The defendant's failure to raise this objection to the sentencing court prevented the judge from explaining whether he relied upon any information not available in the presentence report; if in fact the court did rely upon evidence not included in the presentence report, which we have no evidence of other than the unsupported allegation set forth on appeal, the failure to object prevented the judge from remedying the alleged error by revealing any additional information to the defendant in order that he might have an opportunity to counter it. Furthermore,

the defendant or his attorney could have subpoenaed or requested that the court require the presence of the probation officer at the sentencing hearing in order that the defense attorney might ask questions concerning the presentence report and conversations or information relayed to the judge at that time. While we do not recommend the practice of the trial judge meeting *ex parte* with the probation officer, except in unusual circumstances (organized crime case, national security information, etc.), the appellant's waiver of this argument through his failure to raise a timely objection at the time of the sentencing hearing makes it unnecessary for us to decide whether such conferences might ever be prejudicial error.

## IV. STIPULATION TO PROBATION VIOLATION

■ Pryor argues that his guilty plea to the probation violation was void because it was not a voluntary relinquishment of known rights. This argument misconstrues the import of the proceedings at the probation revocation hearing. Rather than "plead guilty" to the probation violation, the defendant simply stipulated to the fact that he had violated the terms of his probation because he could not do otherwise—the government was prepared to, and in fact did, submit a copy of the judgment of his criminal conviction for bank fraud in the state of Illinois to the court as the basis for his probation revocation. As defense counsel stated at the hearing: "There is no question that [Pryor] was charged and pled guilty in the Western District of Illinois while he was on probation in this court. There is no question about that. We cannot—we cannot and do not deny that." In the absence of a basis for challenging the authenticity of the judgment or his identity as the person sentenced in it, any potential error in accepting the stipulation would have been harmless. Under these circumstances, we hold that the defendant's stipulation to the probation violation was valid.

## V. BREACH OF PLEA AGREEMENT

Under the terms of the plea agreement, Pryor agreed to cooperate with the govern-

ment in its investigation of crimes about which Pryor possessed knowledge, and the government agreed to make the sentencing court aware of the extent and quality of the defendant's cooperation at the time of sentencing. At the change of plea hearing, the judge questioned Pryor thoroughly about his understanding of this provision in the agreement. At the subsequent sentencing hearing, Pryor testified (through questioning by his attorney) to the extent of his contemporaneous cooperation with government investigations; Pryor stated that he informed a Secret Service agent that he (Pryor) was willing to assist him in an undercover investigation. The appellant argues that the government's failure to confirm the nature and extent of his cooperation was a breach of the plea agreement.

If the government's failure to corroborate the defendant's testimony is a breach of the plea agreement, it is an insignificant, technical violation because at the sentencing hearing the defendant had every opportunity and did in fact personally refer to the assistance he was willing to render to the Secret Service. Furthermore, the technical violation would have been easily cured if the defendant or his attorney had timely raised the question of the breach of the plea agreement through an objection at the sentencing hearing. Thus, we hold that the defendant's failure to raise this issue at the sentencing hearing has waived it on appeal. *See Harty*, 930 F.2d at 1261. Furthermore, this trivial, technical violation of a plea agreement is insufficient to require the setting aside of a defendant's guilty pleas. The sentencing judge was familiar with the plea agreement and heard the defendant's own testimony in its entirety as to the extent of his cooperation with the government. Under these circumstances, the court received the same evidence as if the government had offered the testimony, for it is obvious that the government would have objected to the testimony if it did not agree with the defendant's statement of his cooperation. The appellant does not and cannot argue that his cooperation with the government was greater than that to which he testified at the sentencing hearing.

## VI. CONCLUSION

We hold that the defendant has waived his arguments regarding the *ex parte* conference between the sentencing judge and the probation officer as well as the government's alleged breach of its plea agreement (through failing to confirm the defendant's testimony). Moreover, since the government submitted irrefutable evidence of Pryor's probation violation (certificate of conviction of a crime while on probation), it is immaterial that the trial judge failed to question Pryor concerning the voluntariness of the stipulation. The judgment of the district court is AFFIRMED except for the order of restitution in regard to the charge of credit card fraud. The restitution requirement of $4,500 to the 1st National Bank of East Chicago was apparently included in an effort to impose identical sentences for the charges of bank fraud and credit card fraud. But since the 1st National Bank of East Chicago suffered no monetary loss from the credit card fraud (see note 4, *supra*), the condition of release of paying restitution of $4,500 to the 1st National Bank of East Chicago is VACATED.