978 F.2d 1262
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chester PRYOR, Defendant-Appellant.
 No. 92-1703.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1992.*
Decided Nov. 4, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant Chester Pryor pleaded guilty to escape from a correction center and was sentenced to 33 months' imprisonment. Defendant appeals from the district court's finding that he was not entitled to a two level reduction for acceptance of responsibility pursuant to United States Sentencing Guideline § 3E1.1.
 
 Facts
 
 2
 In 1990, the 43-year old defendant entered a guilty plea to credit card fraud. As a result, his probation in regard to another offense was revoked. United States v. Pryor, 957 F.2d 478 (7th Cir.1992). On July 29, 1991, defendant was transferred to a community correction center in Indiana. On October 18, 1991, while facing a disciplinary hearing after his urine allegedly tested positive for cocaine, defendant left the community correction center without permission and did not return.
 
 
 3
 On October 31, 1991, defendant was stopped in Illinois for a speeding violation, and was taken into custody. The car which defendant was driving contained a six-inch stack of various credit card applications, some of which had been completed; a false Indiana identification card for defendant in the name of William Briggs; an American Express Card for "Briggs," used on October 19, 1991; a record that "Briggs" had opened a Marshall Field's charge account on October 23, 1991; and stolen credit cards and identification in the name of various individuals.
 
 
 4
 On January 3, 1992, defendant changed his plea, and entered a plea of guilty to one count of escape under 18 U.S.C. § 751(a). The plea agreement stipulated that the government would recommend that defendant receive a two-level reduction for acceptance of responsibility.
 
 
 5
 At the sentencing hearing, defendant testified that the probation officer misunderstood him when he wrote in the PSR that defendant pled guilty "just to get it over with because nobody beats the government." Defendant explained to the court: "[W]hat I really meant was I wanted to get all this behind me. I wanted to hurry and get it over with.... I wanted to try to forget everything that had happened there...."
 
 
 6
 Defendant also testified that "from day one at the halfway house I had had problems." He tried to solve the problems, but "things just got worse and worse" because there was "so much pressure on me there," and the director "was never there and she turned everything over to her staff there and they just didn't seem to understand." For example, on the first day defendant was "written up" and given ten hours extra duty, which he performed, "but the staff forgot to write it down," and he was assigned 25 hours extra duty as a result. When the urine test allegedly revealed cocaine, defendant felt he was being "framed."
 
 
 7
 The district court found that defendant had failed to establish that he accepted responsibility for the escape. The court pointed to the fact that defendant continued to blame all problems on others, that defendant told the probation officer "he had committed no crime, and pleaded guilty only as a gesture toward the inevitable because nobody beats the government." The court sentenced defendant to 33 months imprisonment, which fell within the applicable range of 30 to 37 months' imprisonment.
 
 Discussion
 
 8
 Under United States Sentencing Guideline (U.S.S.G.) § 3E1.1, "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the ... criminal conduct," the offense level may be reduced by two levels. Moreover, defendant bears the burden of proving his entitlement to the reduction. United States v. Camargo, 908 F.2d 179 (7th Cir.1990). Because the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," the court's determination "is entitled to great deference on review." Application Note 5. We cannot disturb this decision absent clear error. United States v. Blas, 947 F.2d 1320 (7th Cir.1991), cert. denied, 117 L.Ed.2d 468, 112 S.Ct. 1234 (1992).
 
 
 9
 The Guidelines provide a non-exhaustive list of factors which courts may consider in determining whether a defendant accepted responsibility. In examining those factors, the court here weighed the fact that defendant entered a guilty plea and admitted his involvement in the offense and related conduct, which is "significant evidence of acceptance of responsibility." U.S.S.G. § 3E1.1, Application Note 3. Moreover, his guilty plea came soon after the charges were brought against him. Application Note 1. However, a defendant "who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right." U.S.S.G. § 3E1.1(c). "[T]his evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." Application Note 3. Several other significant factors indicated defendant did not accept responsibility for his crime.
 
 
 10
 The district court properly relied on the fact that defendant escaped from the correction center; travelled to another state; did not voluntarily surrender to the authorities; and was caught 13 days later only after he was stopped for speeding. See United States v. Knorr, 942 F.2d 1217, 1223 (7th Cir.1991) (upholding the denial of reduction for acceptance of responsibility where defendant sought to "equate his conduct with an escapee who ultimately sees the error of his ways and voluntarily surrenders"). The trial court here was free to give significant weight to defendant's failure to voluntarily surrender at any time following his escape.
 
 
 11
 In addition, although at the sentencing hearing defendant denied telling his probation officer that he was pleading guilty "just to get it over with because nobody beats the government," in his brief before this court defendant "does not challenge the district court's finding that he made the statement." The fact that a defendant "[g]rudgingly cooperat[es] with authorities or merely go[es] through the motions of contrition does not oblige a district court to grant an unrepentant criminal the two-step reduction." United States v. Brigman, 953 F.2d 906, 909 (5th Cir.), cert. denied, 61 U.S.L.W. 3255 (1992), citing United States v. Harris, 882 F.2d 902, 906 (4th Cir.1989). See also United States v. Beal, 960 F.2d 629, 635 (7th Cir.) cert. denied, 61 U.S.L.W. 3262 (1992) (a defendant's statements that he "was pleading guilty simply to expedite a transfer," was inconsistent with acceptance of responsibility); United States v. Lueddeke, 908 F.2d 230, 235 (7th Cir.1990) (upholding denial of two-level reduction where defendant "pled guilty [to perjury] only after being confronted with evidence of his perjury"); United States v. Charria, 919 F.2d 842, 849 (2d Cir.1990), cert. denied, 116 L.Ed.2d 38, 112 S.Ct. 62 (1991) (defendant did not accept responsibility where he characterized himself as a mere pawn at presentence interview).
 
 
 12
 The district court was also correct in pointing to defendant's continued attempt to shift blame for his criminal and related conduct. See United States v. Shipley, 963 F.2d 56 (5th Cir.1992), cert. denied, 61 U.S.L.W. 3283 (Oct. 13, 1992). Defendant repeatedly blamed his escape on the fact that the staff at the correction center put too much pressure on him "from day one," and that while he "was doing the best [he] could," the staff continued to "frame" and "threaten" defendant.
 
 
 13
 An additional factor the district court properly considered was that, after his escape, defendant continued to commit offenses similar to the offenses which originally put him in prison. See United States v. Ojo, 916 F.2d 388 (7th Cir.1990) (defendant continues to use false identification after being arrested). In the 13 days between his escape and his recapture, defendant managed to obtain false identification and credit cards, which he used during that brief period.
 
 
 14
 The district court's finding that defendant failed to establish any entitlement to the two-level reduction was not clearly erroneous and was amply supported by the record.
 
 
 15
 Accordingly, the conviction and sentence are AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record