986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Talib AKBAR, Plaintiff/Appellant,
v.
Stephen BABLITCH, and Donald W. Gudmanson, Defendants/Appellees.
 No. 91-3788.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1993.*
Decided Feb. 19, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Talib Akbar, an inmate at the Oshkosh Correctional Institution ("OSCI") in Oshkosh, Wisconsin, filed suit under 42 U.S.C. § 1983, alleging violation of his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, the plaintiff alleged that the open nature of the bathroom and shower facilities at OSCI subjected him to view by female employees of OSCI and persons touring the prison. The district court granted summary judgment in favor of defendants Bablitch and Gudmanson. Akbar appeals the district court's entry of summary judgment.
 
 
 2
 After filing his complaint, the plaintiff served a set of interrogatories and request for production of documents on the defendants. The defendants objected to the plaintiff's broad request that the defendants take photographs of the prison interior. Akbar filed a motion to compel, which the magistrate judge resolved by ordering the defendants to allow the plaintiff to take no more than twenty photographs at his own expense subject "to all security and safety considerations." In response to the plaintiff's motion for clarification of this order, the magistrate judge ruled that the plaintiff could only photograph the recreational facilities and the shower and toilet area of the open housing unit mentioned in the complaint.
 
 
 3
 The defendants thereafter moved for summary judgment on the grounds that prison authorities had never intruded on the plaintiff's right to privacy, other than the minimal intrusion on that right necessary to maintain prison security. In response to the defendants' motion, Akbar filed an affidavit that essentially alleged that it would be possible for female staff to engage in intrusive viewing of inmates. The magistrate judge to whom the case had been referred recommended that the district court deny the defendant's motion for summary judgment because the defendants had not "demonstrated that contact by female officers with the plaintiff was casual and limited." The district court disagreed with the magistrate judge's recommendation, and noted that the plaintiff had completely failed to identify a material issue of fact that could suggest deliberate indifference to his privacy rights. This appeal followed.
 
 
 4
 Akbar's appellate brief consists of one and a half pages of argument consisting largely of a quotation of the magistrate judge's order allowing the plaintiff to take twenty photographs, reference to this discovery order, and a request that we reverse the district court's entry of summary judgment to allow the plaintiff to obtain his twenty photographs. The plaintiff's designation of the issues presented on appeal consisted of two queries suggesting that the defendants did not comply with the magistrate judge's order allowing him to obtain twenty photographs of the areas in the prison mentioned in the complaint. The plaintiff alleges for the first time on appeal that the defendants violated the discovery order, but he cites nothing in the record that would support this assertion. The plaintiff's response to the motion for summary judgment did not allege or suggest that the defendants did not comply with the court's discovery order, and nothing in the record suggests that the defendants failed to provide the ordered discovery or that plaintiff raised this matter with the district court. At a minimum, Akbar should have invoked Federal Rule of Civil Procedure 56(f), which would have allowed him to request additional time to obtain evidence and avoid a premature grant of summary judgment. Because Akbar did not present the alleged discovery issue to the district court for resolution, he may not raise it for the first time on appeal. Singleton v. Wulff, 428 U.S. 106, 120 (1976); United States v. Pryor, 957 F.2d 478, 481 (7th Cir.1992); Boyers v. Texaco Refining and Marketing, Inc., 848 F.2d 809, 811-12 (7th Cir.1988).
 
 
 5
 Akbar offers no legal basis for reversing the district court's entry of summary judgment in favor of the defendants. Rule 28(a)(5) of the Federal Rules of Appellate Procedure requires that an appellant's argument "contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." This court is not obliged to research and construct legal arguments available to parties. John v. Barron, 897 F.2d 1387, 1393 (7th Cir.), cert. denied, 111 S.Ct. 69 (1990). Akbar's status as a pro se litigant does not excuse his absence of legal argument concerning the merits of the district court's summary judgment order. McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984). Akbar only refers to the summary judgment order in a caption in the argument section of his brief that alleges that he did not "completely fail" to demonstrate that a material issue of fact existed that would preclude summary judgment. Nonetheless, Akbar neglects to cite any evidence in the record that would refute the district court's finding that Akbar offered no evidence of an unconstitutional intrusion by female personnel or members of the public.
 
 
 6
 Akbar quotes a description of a women's prison from a district court case, Torres v. Wisconsin Dep't of Health & Social Services, 639 F.Supp. 271 (E.D.Wis.1986), without explaining the bearing of that case on his. The plaintiffs in Torres were male prison guards alleging sex discrimination by Wisconsin prison administrators who reassigned them from duty at a women's prison. The case concerned only the legitimacy of the defendants' claim that sex was a bona fide occupational qualification. Torres has no application to an inmate's claim under the Eighth Amendment and, in all events, it has been reversed. See Torres v. Wisconsin Dep't of Health & Social Services, 859 F.2d 1523 (7th Cir.1988) (en banc), cert. denied, 489 U.S. 1017 (1989). Because Akbar fails to make a legal argument and cannot show that the district court erred, we AFFIRM the district court's judgment.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs