USA v. McLaughlin                    CV-97-449-M    09/11/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


United States of America

       v.                                    Civil No. 97-449-M

Bernard McLaughlin


**O R D E R**


Bernard McLaughlin, through counsel, has filed a petition for relief from his sentence, presumably pursuant to 20 U.S.C. § 2255, in which he raises two issues:

1. Whether ex parte communications between the sentencing judge and a probation officer, in which the probation officer makes allegedly "erroneous" sentencing recommendations to the judge, constitute prejudicial error warranting relief; and

2. Whether the sentence imposed by the court, as intended by the court, is being misconstrued or misapplied by the executive branch such that the bureau of prisons has unlawfully extended the duration of petitioner's imprisonment?

As to both issues, the petition (and incorporated memorandum of law) is entirely inadequate — the court cannot determine from the petition whether the issues raised are frivolous or sufficiently meritorious to warrant service upon the United States Attorney.  See 28 U.S.C. § 2255 ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney.")

For reasons that should have been obvious to its author, the incorporated memorandum of law is inadequate with regard to the issue of ex parte communications between the court and the probation officer. While some legal research apparently preceded its drafting, neither the petition nor the incorporated memorandum makes mention of the substantial volume of published authority (including opinions from this and other circuit courts of appeal) which address and reject the precise point raised by counsel. See e.g., United States v. Fraza, 106 F.3d 1050, 1055-56 (1st Cir. 1997) ("We would expect the [probation] officer to exercise his independent judgment as to the application of the guidelines and we see no error in his interruption of the proceedings [and ex parte communication with the court] to make his judgment known"). See also United States v. Belgard, 894 F.2d 1092, 1097 (9th Cir. 1990) ("We have even held that ex parte communications of the probation officer with the court are proper") (citing United States v. Gonzales, 765 F.2d 1393, 1398-99 (9th Cir. 1985)); United States v. Behler, 14 F.3d 1264, 1273 (9th Cir. 1994) ("[Petitioner] contends that the district court erred by having an ex parte discussion in chambers with the probation officer during the sentencing hearing. [P]etitioner knew about the meeting but failed to object at the sentencing hearing and, thus, has waived any such issue (if one were to exist) on appeal"); United States v. Pryor, 957 F.2d 478, 480-82 (7th Cir. 1992) ("The appellant has failed to cite any case law in support of his proposition that it is reversible error for the

2

sentencing judge to communicate ex parte with the probation officer who authored the presentence report prior to the sentencing hearing, and we are unaware of any such case"); United States v. Johnson, 935 F.2d 47, 50 (4th Cir. 1991) (concluding that a defendant's Sixth Amendment right of confrontation is not implicated when a probation officer confers ex parte with the court and holding that "an ex parte presentence conference between a court and a probation officer is not a critical stage of the sentencing proceedings"). Accord United States v. Woods, 907 F.2d 1540, 1543 (5th Cir. 1990); United States v. Sifuentez, 30 F.3d 1047, 1049 n.5 (9th Cir. 1994).[1]

Although the petition does cite some authority in apparent support of the position advocated, those authorities are, at best, collateral and only indirectly related to the issue. Moreover, counsel has stretched the holdings in some of those cases nearly to the breaking point. All of this raises a question as to whether counsel simply failed to find relevant case law addressing the issue, or whether counsel found but improperly neglected to bring those contrary cases (or, at a minimum, contrary cases from this circuit) to the court's attention.

---

[1] While many of the cases cited above deal with ex parte communications between a judge and probation officer in the context of a criminal sentencing, counsel for petitioner has failed to explain why the reasoning in those cases would not apply with equal force to situations in which the court communicates, on an ex parte basis, with the probation officer in the context of sentencing on a probation violation.

3

As to the second issue, petitioner's counsel alleges no facts in support of his claim that his sentence is being improperly executed. He simply asserts that the probation officer made an "incorrect sentencing recommendation" of some undescribed nature, the court relied on that recommendation, and, due to some bureau of prisons procedure or misinterpretation, the petitioner is "serving twice the time the judge intended for him." Although entirely conclusory in nature, petitioner's assertions suggest that counsel was aware of the probation officer's allegedly erroneous sentencing recommendation.[2] They also suggest that counsel apparently has some idea as to why it was "erroneous," what this court actually "intended," and why or how the bureau of prisons has either misconstrued the sentence or is ignoring its terms. Yet, none of that necessary information has been pled.

Given its current state, the petition appears on its face to be frivolous and unsupported by either fact or applicable law. See e.g. United States v. Quin, 836 F.2d 654, 655 (1st Cir. 1988). Nevertheless, it is conceivable that through some error, the sentence imposed by the court is not being executed in a correct manner. In fairness to petitioner, his counsel ought to be given an opportunity to make a proper and adequate

---

[2] Although not required, in this district sentencing recommendations made by probation officers to the court in probation or supervised release revocation proceedings are customarily disclosed to the defendant and his or her counsel.

4

presentation before the court performs its initial screening function under 28 U.S.C. § 2255.

Accordingly, on or before October 9, 1997, counsel for petitioner shall file a supplemental petition alleging the underlying facts in sufficient detail to describe the precise nature of petitioner's claims and the facts which, if true, would entitle petitioner to relief under applicable law.  Also by that date, counsel shall file a separate and thorough supporting legal memorandum discussing:  1) his legal theories, taking into account the authorities noted above and any other relevant authorities he finds through adequate legal research; 2) why the issue raised regarding the probation officer's ex parte sentencing recommendation has not been waived by counsel's failure to object at sentencing and failure to raise it on direct appeal; and 3) explaining precisely what erroneous interpretation of the imposed sentence has resulted in an unintended extension of petitioner's imprisonment.

After considering the supplemental petition and memorandum the court will determine whether the petition should be dismissed or whether the United States Attorney should respond, and whether a hearing, with or without petitioner's presence, is required.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 11, 1997

cc:   Paul Twomey, Esq.
      Arnold Huftalen, AUSA
      U.S. Marshal
      U.S. Probation