**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4785

ALFRED C. WRIGHT, a/k/a Zulu,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge;
Solomon Blatt, Jr., Senior District Judge.
(CR-95-883)

Submitted: November 30, 1998

Decided: January 12, 1999

Before LUTTIG and KING, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dale L. DuTremble, Charleston, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Stanley D. Ragsdale, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Upon his guilty plea, Alfred C. Wright was convicted of one count of money structuring in violation of 31 U.S.C. § 5324(a)(3), (c)(2) (1994). He appeals his conviction and sentence. Wright's attorney has filed a brief certifying the following three issues as nonmeritorious pursuant to Anders v. California, 386 U.S. 738 (1967): (1) whether conduct not part of the offense of conviction was improperly used as relevant conduct for purposes of sentencing; (2) whether Wright's offense level was improperly enhanced based upon his role in the offense; and (3) whether Wright was entitled to a downward departure. Wright's attorney also contends that the court's denial of a reduction in offense level for acceptance of responsibility was in conflict with the Sentencing Guidelines. Wright was informed of his right to file a pro se supplemental brief and has not done so. Finding no reversible error, we affirm.

In a superseding indictment, Wright was charged with forty-six gambling and money laundering offenses. According to the Government, Wright was the leader of an extensive illegal gambling operation in South Carolina and New York. On the date scheduled for trial, Wright waived indictment and pled guilty to a superseding information charging one count of money structuring, a count not charged in the superseding indictment. The specific transaction forming the basis for the count was a $5000 deposit into one of Wright's bank accounts. As part of the plea agreement, Wright and the Government agreed that his base offense level under the Sentencing Guidelines would be 13. The base offense level was arrived at by totaling the amount of funds detailed in Wright's superseding indictment charging him with money laundering.

As relevant conduct, the presentence investigation report described a series of structured bank deposits totaling over $180,000 and deter-

2

mined that a base offense level of 13 was proper. At sentencing, despite the plea agreement, Wright objected to the use of other transactions as relevant conduct to arrive at his base offense level, contending that he only pled guilty to one transaction. The court rejected the argument and Wright moved to withdraw his guilty plea. Sentencing was rescheduled for consideration of Wright's motion. At the rescheduled sentencing hearing, Wright withdrew his motion to withdraw the guilty plea. The court sentenced him to thirty months' imprisonment.

In reviewing challenges to sentencing, we accept findings of fact unless clearly erroneous. Questions regarding the legal interpretation of the guidelines are reviewed de novo. See United States v. Romer, 148 F.3d 359, 371 (4th Cir. 1998).

We find there was no error in computing Wright's base offense level. Wright can be held accountable for committing similar acts of money structuring. See U.S. Sentencing Guidelines Manual § 1B1.3(a)(1), (2) (1995). He "need not be convicted of the charges constituting relevant conduct for him still to be held accountable for them." United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994) (defendant held accountable for similar acts of embezzling registered mail).

The court imposed a four-level sentencing enhancement because it found Wright was a leader or organizer of criminal activity that involved five or more persons. See USSG§ 3B1.1(a). Wright objected on the basis that the court should only look at the offense of conviction and accordingly, there was no evidence that Wright's illegal money structuring involved five persons. The court properly found that an adjustment for role in the offense is not limited to conduct embodied in the offense of conviction. Rather, it may be based upon the entirety of the defendant's relevant conduct. See United States v. Fells, 920 F.2d 1179, 1184 (4th Cir. 1990). Thus, Wright's objection was without merit and the court properly considered all of Wright's criminal conduct, including his leadership of an extensive gambling operation, before imposing the four-level enhancement. We find that the court did not commit clear error when it found that Wright's criminal enterprise involved five or more persons.

3

Wright moved for a downward departure from the Sentencing Guidelines range based upon successive state and federal prosecutions. See USSG § 5K2.0. The court denied Wright's motion, finding that Wright's situation was not sufficient for a downward departure. We will not review this decision because appellate review of a district court's discretionary denial of a motion for downward departure is unavailable. See United States v. Davis, 98 F.3d 141, 145 (4th Cir. 1996), cert. denied, ___ U.S. #6D6D 6D#, 65 U.S.L.W. 3630 (U.S. Mar. 17, 1997) (No. 96-7755).

The court denied Wright's motion for a two-level reduction in offense level for acceptance of responsibility. See USSG § 3E1.1(a). The court stated three reasons for denying the motion: (1) the lateness of Wright's decision to plead guilty; (2) Wright's failure to provide complete financial information to the probation office and the clerk of court; and (3) Wright's attempt to withdraw his guilty plea. The court found that Wright "in no sense of the word . . . clearly accepted responsibility," but rather, only "grudgingly accepted" his responsibility.

Wright contends that the timeliness of his guilty plea should not be a factor in determining a two-level reduction for acceptance of responsibility. He asserts that it is more properly used as a factor in determining whether the defendant is entitled to an additional one-level reduction under USSG § 3E1.1(b)(2). Furthermore, Wright contends that his accountant was at fault for the delay in delivering financial information to the probation office and the court. Finally, Wright contends that his motion to withdraw his guilty plea is not a relevant factor in determining acceptance of responsibility because he was challenging a sentencing enhancement.

Wright has the burden of establishing by a preponderance of the evidence his entitlement to the two-level reduction for acceptance of responsibility. See United States v. Harris, 882 F.2d 902, 907 (4th Cir. 1989). A guilty plea does not automatically entitle the defendant to a reduction. See id. at 905-06; see also United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). A guilty plea is, of course, evidence of acceptance of responsibility, "[h]owever, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is

4

not entitled to an adjustment under this section as a matter of right." USSG § 3E1.1, comment. (n.3).

Contrary to Wright's assertion, the timeliness of a guilty plea is a relevant consideration under § 3E1.1(a). See USSG § 3E1.1, comment. (n.1(h)). In this instance, Wright pled guilty on the day trial was to commence and after a jury was selected. The Government was prepared to present testimony, having gathered ten witnesses, some from out-of-town, for the first day of trial. Wright's sister and son were prepared to testify against him. "A last minute guilty plea is not usually evidence of a heart full of remorse." United States v. Ewing, 129 F.3d 430, 436 (7th Cir. 1997) (two-level reduction was properly denied when defendant pled guilty one business day before trial was to begin). The last-minute guilty plea more likely demonstrates a calculated move to escape greater punishment. See United States v. Akindele, 84 F.3d 948, 957 (7th Cir. 1996). Wright faced a possible twenty-year sentence if convicted of the crimes charged in the indictment.

Wright's failure to provide complete financial information to the probation office and clerk of court is also a proper basis in which to deny a reduction for acceptance of responsibility. We find that Wright's refusal to disclose certain financial information is inconsistent with his acceptance of responsibility because it demonstrates a continued effort on his part to hide certain information. See United States v. Brigman, 953 F.2d 906, 909 (5th Cir. 1992) (no two-level reduction for acceptance of responsibility because, in part, defendant refused to disclose financial information to probation officer); see also United States v. Corral-Ibarra, 25 F.3d 430, 440 (7th Cir. 1994) (refusal to discuss circumstances of offense with probation office constitutes failure to accept responsibility); United States v. Cianscewski, 894 F.2d 74, 83 (3d Cir. 1990) (same).

Wright's attempt to withdraw his guilty plea is also a proper basis for finding that he had not accepted responsibility. See United States v. McCarty, 99 F.3d 383, 387 (11th Cir. 1996). He attempted to withdraw his plea at sentencing despite the presentence investigation report recommending the same base offense level as stipulated in the plea agreement. He contended that he was not aware of the factors that determined the base offense level. At the plea hearing, however,

5

Wright stated that he understood the terms of the agreement and how the Sentencing Guidelines would be applied in his case. Based on the foregoing, we find that the court did not err in denying Wright a two-level reduction for acceptance of responsibility.

Pursuant to the requirements of Anders, this court has reviewed the record for potential error and has found none. Therefore, we affirm Wright's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED