IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-51034

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MONTGOMERY WILLIAMSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-404-ALL

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Montgomery Williamson appeals the district court's refusal to reduce the calculation of his offense level by two points for acceptance of responsibility. For the following reasons, we affirm the sentence imposed by the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Williamson pleaded guilty to importation of marijuana, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) (Count One), and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Two).[1] He was also charged in a separate indictment and pleaded guilty to escape from a federal institution, in violation of 18 U.S.C. § 751(a). The district court accepted Williamson's pleas and sentenced him for all of the charges against him in both indictments at the same time.

The presentence report ("PSR") recommended that Williamson not receive a reduction in his offense level for acceptance of responsibility pursuant to § 3E1.1(a) of the Sentencing Guidelines because he had escaped from custody while serving his sentence for a 2000 conviction for drug-trafficking at Dismas Charities Comprehensive Confinement Center in El Paso, Texas, and had committed the instant drug offenses while he was a fugitive. At the sentencing hearing, Williamson argued that the denial of the reduction for acceptance of responsibility on the basis of his fugitive status, notwithstanding his other conduct that constituted significant evidence of acceptance of responsibility, was a misapplication of the Sentencing Guidelines. The district court overruled Williamson's objection and sentenced him to 100 months of imprisonment for Count One, 100 months of imprisonment for Count Two, and 60 months of

---

[1] The underlying facts of Counts One and Two are as follows: On February 7, 2007, U.S. Immigration and Customs Enforcement ("ICE") agents stopped Williamson as he drove into the United States from Mexico at the Bridge of the Americas Port of Entry in El Paso, Texas. After Williamson was unable to produce identification, the ICE agents discovered that the car he was driving was stolen. A further inspection revealed 43.95 kilograms of marijuana concealed in the vehicle. After acknowledging his constitutional rights, Williamson confessed that he had been offered $1,000 to transport marijuana from Chihuahua, Mexico to El Paso. He stated that he had already successfully transported one shipment of marijuana the day before and received $1,000 in payment. In accordance with § 1B1.3 of the Sentencing Guidelines regarding penalties for relevant conduct, Williamson was held accountable for a total of 87.9 kilograms of marijuana, which incorporated the net weight of marijuana transported by Williamson on February 6 and 7.

imprisonment for the escape charge, all to be served concurrently.[2] Williamson now appeals the district court's denial of a reduction in his offense level for acceptance of responsibility.

## II. DISCUSSION

"As a result of [the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005)], the [Sentencing] Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" Gall v. United States, 128 S. Ct. 586, 594 (2007). This court presumes that a defendant's sentence is reasonable when it falls within the recommended range of the Sentencing Guidelines. Rita v. United States, 127 S. Ct. 2456, 2462–63 (2007); United States v. Williams, 520 F.3d 414, 422 (5th Cir. 2008).

Because the district court is uniquely positioned to measure and evaluate a defendant's acceptance of responsibility, "the determination of the sentencing judge is entitled to great deference on review." U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, cmt. n.5 (2006). We review a district court's finding on acceptance of responsibility "for clear error but under a standard of review even more deferential than a pure clearly erroneous standard." United States v. Outlaw, 319 F.3d 701, 705 (5th Cir. 2003) (internal quotations omitted).

The Sentencing Guidelines allow a district court to reduce a defendant's offense level by two points "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a) (2006). The application notes for § 3E1.1 state that in determining whether to award a two-point reduction for acceptance of responsibility when calculating the offense level, the district court may consider several benchmarks,

---

[2] Williamson also received four years of supervised release for Counts One and Two, and three years of supervised release for the escape charge, to be served concurrently. The district court assigned special assessments of $100 for each count, but no restitution.

including whether the defendant truthfully admitted the conduct comprising the offense(s) of conviction and voluntarily withdrew from criminal conduct. Id. § 3E1.1 cmt. n.1. The PSR recommended that Williamson not receive a two-point reduction in offense level for acceptance of responsibility only because he did not voluntarily withdraw from criminal conduct; however, most of the benchmarks listed in the application notes for § 3E1.1 do not apply in Williamson's circumstances. The record indicates that the district court only considered whether Williamson voluntarily withdrew from criminal conduct to determine whether he had accepted responsibility.

Williamson argues on appeal that a defendant's failure to withdraw voluntarily from criminal conduct prior to his arrest cannot be the sole basis for denying acceptance of responsibility when there is other significant evidence of acceptance. He points to the facts that he admitted his guilt regarding the drug offenses at the time of arrest, he timely notified the government that he intended to plead guilty to all charges in both indictments, and he pleaded guilty shortly after being indicted as significant evidence that he accepted responsibility for his behavior. Williamson further argues that, although it is reasonable for sentencing courts to consider a defendant's pre-arrest voluntary withdrawal from criminal conduct or his post-arrest failure to withdraw from criminal conduct, the district court here unreasonably considered his pre-arrest failure to withdraw from criminal conduct as the sole basis for denying the acceptance reduction. Williamson finally argues that the district court's error prejudiced him because he received a harsher sentence than he would have received if the reduction had been granted.

Williamson's argument ignores the fact that "[a] defendant who enters a guilty plea is not entitled to an adjustment [for acceptance of responsibility] as a matter of right." Id. § 3E1.1 cmt. n.3; see also United States v. Patino-Cardenas, 85 F.3d 1133, 1135 (5th Cir. 1996); United States v. Shipley, 963 F.2d

56, 58 (5th Cir. 1992) (per curiam). The application notes for § 3E1.1 also provide that although a defendant's guilty plea prior to trial can serve as evidence of acceptance of responsibility, that evidence "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, cmt. n.3 (2006). Indeed, "[t]he fact that a defendant engages in later, undesirable, behavior does not necessarily prove that he is not sorry for an earlier offense; but, it certainly could shed light on the sincerity of a defendant's claims of remorse." United States v. O'Neil, 936 F.2d 599, 600 (1st Cir. 1991); see also United States v. Watkins, 911 F.2d 983, 984 (5th Cir. 1990) (affirming denial of acceptance of responsibility adjustment where defendant engaged in unrelated illegal behavior while on release pending sentencing for a federal crime).

"As a general matter, it is true that courts cannot go back limitlessly in time in assessing acceptance of responsibility." United States v. McLaughlin, 378 F.3d 35, 41 (1st Cir. 2004); see also United States v. Ceccarani, 98 F.3d 126, 130 (3d Cir. 1996). We hold, however, that the district court committed no clear error in refusing to grant Williamson a two-point reduction in offense level for acceptance of responsibility. While Williamson was serving a sentence for drug-trafficking, he escaped from federal prison before the conclusion of that sentence only to return to drug-trafficking; therefore, the district court could have easily determined that Williamson's guilty plea for escape and drug-trafficking lacked remorse and sincerity and rejected his acceptance of responsibility given of all of his conduct and continued pattern of crime.[3]

## III. CONCLUSION

---

[3] Additionally, Williamson continued to make excuses for his escape at the sentencing hearing. He blamed alleged tragic family difficulties and the authorities at the corrections center for his decision to escape. This court has affirmed a district court's denial of a two-point reduction for acceptance of responsibility where the defendant attempted to excuse his behavior in addition to other indicators of continued failure to cooperate or accept responsibility. See United States v. Brigman, 953 F.2d 906, 909 (5th Cir. 1992).

Applying the heightened level of deference to the district court's findings, we AFFIRM the sentence imposed by the district court.