# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2010

No. 09-41120
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARK ANTHONY WAGNER, also known as Lothar Starsinsky,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:91-CR-233-7

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In 1991, Mark Anthony Wagner pleaded guilty to conspiracy to possess with intent to distribute more than 100 kilograms of marijuana. Wagner, who was released on bond, failed to appear for his sentencing hearing. He was arrested pursuant to a warrant in 2009, when he attempted to reenter the United States from Germany. A revised presentence report (PSR) was prepared and recommended an increase in Wagner's offense level for obstruction of justice. The PSR also recommended a deduction of the two points awarded previously for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acceptance of responsibility. The district court adopted the PSR and sentenced Wagner to 99 months of imprisonment. Wagner appeals this sentence, arguing that the district court committed procedural error by denying him a reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), this court must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence is substantively reasonable. Review is for an abuse of discretion. *Id.*

The record reflects that Wagner was a fugitive from sentencing for 18 years. At his rearraignment hearing in 1991, Wagner claimed that he was a United States citizen. However, he admitted after his 2009 arrest that he was a German citizen and that his real name is Lothar Starsinsky. Thus, as the district court determined, Wagner "committed perjury before a United States Judge." As the district court noted in rejecting Wagner's sentencing disparity argument, Wagner was the only defendant in his case that failed to appear.

Wagner cannot show that the district court's refusal to adjust his offense level for acceptance of responsibility was "without foundation" or that his is such an "extraordinary case" that he should be entitled to the adjustment for acceptance of responsibility. *See United States v. Angeles-Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005); *see also United States v. Lujan-Sauceda*, 187 F.3d 451, 451-52 (5th Cir. 1999); *United States v. Norvell*, 37 F.3d 631, 1994 WL 558989, at * 1 (5th Cir. 1994) (unpublished)[1]; *United States v. Brigman*, 953 F.2d 906,

---

[1] Unpublished opinions issued before January 1, 1996, are precedent. *See* 5th Cir. R. 47.5.3.

909 (5th Cir. 1992).   Thus, he has failed to show that the district court committed any procedural error by denying him a reduction for acceptance of responsibility.   *See Gall*, 552 U.S. at 51.   Accordingly, the judgment of the district court is AFFIRMED.