# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-50777
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 30, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Hector Ivan Olivo,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:20-CR-1327-8

---

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Hector Ivan Olivo pleaded guilty to a single count of conspiracy to transport illegal aliens resulting in serious bodily injury or placing lives in jeopardy, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and (B)(iii). He was sentenced to 37 months in prison and three years of supervised release. Olivo challenges his sentence on appeal.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-50777

Olivo contends that the district court erroneously applied a two-level enhancement under U.S.S.G. § 3C1.2. He asserts that the offense conduct did not recklessly create a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. Also, he maintains that any conduct that could warrant the enhancement was not committed or caused by him. Because Olivo did not assert the instant claims in the district court, we review for plain error. *See United States v. Melendez*, 57 F.4th 505, 507 (5th Cir. 2023).

The record reflects that the truck in which Olivo was a passenger did not fully stop for inspection at an immigration checkpoint; ignored the orders of border patrol agents and accelerated through the checkpoint; led agents on a high-speed chase during which the car swerved into oncoming traffic while traveling at speeds exceeding 90 miles per hour; continued to move after tire-deflation devices had punctured its tires; and stopped after crashing through a fence on private property. This conduct provides a basis for the adjustment. *See United States v. Lee*, 989 F.2d 180, 183 (5th Cir. 1993); *United States v. Jimenez*, 323 F.3d 320, 321 (5th Cir. 2003). While Olivo alleges that he only was a passenger in the truck, the record supports that he was involved in the alien-smuggling enterprise and that, after the crash, he not only directed the illegal aliens to run into the nearby brush but also fled on foot along with the driver of the car in an effort to hide from the pursuing agents. These facts suggest that Olivo participated in the chase and at least aided and abetted the conduct of the driver. *See United States v. Lima-Rivero*, 971 F.3d 518, 520-21 & n.1 (5th Cir. 2020); *see also* § 3C1.2, comment. (n.5).

Additionally, Olivo argues that the district court erroneously denied a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We review a district court's determination of acceptance of responsibility with more deference than ordinary factual determinations considered under the clearly erroneous standard. *United States v. Brigman*, 953 F.2d 906, 909 (5th

Cir. 1992). We will affirm the decision to deny a reduction under § 3E1.1 unless it is without foundation. *United States v. Anderson*, 174 F.3d 515, 525 (5th Cir. 1999).

Olivo asserts that he timely pleaded guilty to the charged offense and admitted to a factual basis that set forth each element of the crime. Further, he notes that he was cooperative and forthcoming after his arrest and gave a statement to agents in which he admitted his guilt and offered details about the smuggling organization. The record also reflects that he gave a statement for purposes of the presentence report in which he admitted his involvement in the offense and apologized for his conduct.

However, Olivo is not entitled to the enhancement solely because of his guilty plea or admissions. *See United States v. Hinojosa-Almance*, 977 F.3d 407, 410 (5th Cir. 2020); § 3E1.1, comment. (n.3). The record supports that the district court construed Olivo's conduct and admissions as suggesting a lack of candor and not showing sincere contrition. The district court found, inter alia, that he did not accept responsibility for the acts resulting in serious bodily injury or placing lives in jeopardy for purposes of § 1324(a)(1)(B)(iii). We owe great deference to the district court's determination as to whether Olivo honestly and sincerely admitted to having committed the conduct that comprised the offense. *See Brigman*, 953 F.2d at 909; *United States v. Alfaro*, 919 F.2d 962, 968 (5th Cir. 1990). While Olivo suggests that his failure to give factual details is due to his background and personal characteristics, he has not shown that his failure to accept responsibility was due to those factors or that the district court did not consider those factors in determining that no reduction was warranted. *See United States v. Watson*, 988 F.2d 544, 551 (5th Cir. 1993). The determination that Olivo failed to accept responsibility was not entirely without foundation. *See Anderson*, 174 F.3d at 525.

AFFIRMED.