# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40043

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS RODRIGUEZ-DE LA FUENTE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before WIENER, CLEMENT, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Without a written agreement, Jesus Rodriguez-De la Fuente (Rodriguez) pleaded guilty to conspiring to possess with intent to distribute 100 kilograms or more of marijuana. His presentence report (PSR) recommended an advisory guidelines range of 87 to 108 months' imprisonment. At the initial sentencing hearing, the parties requested a continuance to allow Rodriguez another opportunity to debrief with the Government for the purpose of qualifying for the U.S.S.G. § 2D1.1(b)(17) "safety-valve" reduction.[1] The district court granted the continuance.

---

[1] "If the defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases),

## No. 16-40043

At the reconvened sentencing hearing, the district court heard testimony from the case agent, and sustained Rodriguez's objection to the PSR's recommended two-level increase for his role in the offense. The district court also sustained in part Rodriguez's objection to the use of his proffered statements for sentencing purposes, but denied the objection to the extent the objected-to PSR paragraphs contained information that had been obtained beforehand from other individuals. These rulings resulted in a new advisory guidelines range of 70 to 87 months imprisonment.

After addressing the objections, the district court noted that without the role enhancement, Rodriguez might be eligible for the two-level "safety-valve" reduction pursuant to § 2D1.1(b)(17) and § 5C1.2(a).[2] The Government, however, stated that it was "not in a position to do a safety valve request to the Court right now," explaining that Rodriguez's debrief had been cut short because the case agent felt the defendant was not being forthcoming with regard to the involvement of family members. The district court asked Rodriguez if he would like more time to possibly qualify for the reduction.

After conferring with his attorney, Rodriguez informed the district court that he did not want another chance to debrief with the Government and

---

decrease by 2 levels." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(17) (U.S. SENTENCING COMM'N 2015).

[2] U.S.S.G. § 5C1.2(a) sets forth five criteria. At issue in this case is the fifth criterion, § 5C1.2(a)(5), which provides:

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

sought, instead, to proceed with sentencing at that time. Rodriguez acknowledged that he understood that this meant that he would not qualify for either a safety-valve reduction or a § 5K downward departure based on his interviews. Further, the district court directly asked Rodriguez to confirm he was "willing to forego any opportunity to debrief with the Government for any kind of further sentence reduction," to which Rodriguez responded, "Yes."

Rodriguez then moved "for a downward departure and a variance pursuant to [18 U.S.C. §] 3553" based on his substantial assistance to the Government with regard to the criminal activities of persons other than his family members, his corroboration of information given by his codefendants, and his decision to plead guilty. The district court overruled that request, noting that Rodriguez played an "important role" in the conspiracy. Rodriguez then asked the district court to consider imposing a sentence at the five-year statutory minimum.

The district court imposed a within-guidelines sentence of 78 months imprisonment and four years of supervised release. Rodriguez filed a timely notice of appeal. He contends that his 78-month within-guidelines sentence is both procedurally and substantively unreasonable.

\* \* \*

Rodriguez first argues that the district court procedurally erred by not applying the two-level safety-valve reduction under § 2D1.1(b)(17). He asserts that he satisfied all of the requirements of § 5C1.2(a) to qualify for such a reduction, including debriefing with the Government.

Rodriguez did not object to the PSR's failure to include a safety-valve reduction, he did not object to the Government's statement that he was not complete in his debriefing, and he did not argue at sentencing that his debriefing was sufficient to meet the criterion of § 5C1.2(a)(5). To the contrary,

he acknowledged that his debriefing did not qualify him for the safety-valve reduction. Thus this court's review is for plain error. *See United States v. Gomez-Valle*, 828 F.3d 324, 328 (5th Cir. 2016). To establish plain error, a defendant must show (1) "an error or defect . . . that has not been intentionally relinquished or abandoned"; (2) that is "clear or obvious" and not "subject to reasonable dispute"; and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks, modification, and citation omitted). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Rodriguez fails at the first step of the plain-error analysis: he waived any argument that the district court erred by not granting a safety-valve reduction. "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). "Waiver extinguishes an error, taking it out of Federal Rule of Criminal Procedure 52(b)," *United States v. Dodson*, 288 F.3d 153, 160–61 (5th Cir. 2002), and thus "[w]aived errors are entirely unreviewable," *United States v. Musquiz*, 45 F.3d 927, 931–32 (5th Cir. 1995). Under questioning from both his own counsel and the district court, Rodriguez confirmed that he wished to forgo the opportunity for an additional debriefing session with the Government and continue with the sentencing hearing. He acknowledged that he understood that this decision meant that he would not qualify for either a safety-valve reduction or a § 5K downward departure. Accordingly, Rodriguez abandoned any right to a safety-valve reduction, and he cannot now argue that the district court erred in failing to apply it. *See id.*

No. 16-40043

Rodriguez also contends that his sentence is substantively unreasonable. Rodriguez did not object at sentencing to his 78-month within-guidelines sentence as unreasonable. Thus, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). This court presumes that a within-guidelines sentence is reasonable. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Rodriguez has failed to demonstrate that the district court did not consider a sentencing factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Thus, he has not rebutted the presumption that his sentence is substantively reasonable. *See id.*; *Alonzo*, 435 F.3d at 554–55. "Under the plain error standard, we will not disturb the sentence imposed merely because an appellant disagrees with the sentence and the balancing of factors conducted by the district court." *United States v. Powell*, 732 F.3d 361, 382 (5th Cir. 2013).

AFFIRMED.