# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30523
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GLAY H. COLLIER, II,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Glay Collier, II, appeals the 34-month term of imprisonment imposed following his guilty plea conviction of bankruptcy fraud. He argues that the district court procedurally erred when it enhanced his sentence under United States Sentencing Guideline § 2B1.l(b)(E) based on the intended loss resulting from his improper collection of and attempted improper collection of repayment for filing fees from both his clients and the Chapter 13 Trustee. The Government asserts that Collier invited the error or waived his right to challenge the error.

The presentence report (PSR) initially increased Collier's offense level by ten levels pursuant to U.S.S.G. § 2B1.1(b)(1)(F) based on the probation officer's

determination that the offense involved $155,112 in intended losses.  Collier objected, arguing that the calculation should include only the initial payments made to the Shreveport division of the Bankruptcy Court as part of its filing fee installment plan.  He asserted that the total intended loss for his offense was no more than $94,404 and that the loss warranted an eight-level adjustment.

Although the probation officer pointed out in the second addendum to the PSR that a loss of $94,404 would warrant only a six-level increase, Collier ultimately agreed with the Government and the district court at sentencing that an eight-level adjustment was appropriate for intended loss in his case.  Based on that admission, the district court found that Collier's objection regarding intended loss was moot.

On appeal, Collier again asserts that his offense involved only $94,404 in intended losses, but now contends that the loss warranted only a six-level increase in his offense level.  He contends that his defense attorney erroneously referenced an older version of the Sentencing Guidelines Manual before agreeing that $94,404 in intended loss warranted an eight-level increase.

We agree with the Government that Collier has waived the right to challenge his loss calculation.  "[W]aiver is the 'intentional relinquishment or abandonment of a known right.'"  *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)); *see also United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).  At sentencing, Collier intentionally forwent his previously raised challenge to the loss calculation when he repeatedly conceded that the eight-level increase for intended loss was appropriate.  Because Collier's challenge is waived, it is unreviewable.  *United States v. Rodriguez*, 602 F.3d 346, 350 (5th Cir. 2010).

No. 16-30523

In any event, Collier would not prevail even if we reviewed the district court's sentencing decision for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006) (reviewing an arguably invited error for plain error "out of an abundance of caution"). He has not shown that the district court failed to make a reasonable estimate of the loss.

The judgment of the district court is AFFIRMED.