# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10607

UNITED STATES OF AMERICA,

      Plaintiff - Appellant

v.

VERNON LEE WHEELER,

      Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-75-1

Before KING, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

      Vernon Lee Wheeler pleaded guilty to a charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). During sentencing, the question arose of whether Wheeler's four prior convictions under Texas law for aggravated robbery qualified as "violent felonies" for purposes of the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e)(1) (providing a fifteen-year

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandatory minimum sentence).  The district court ruled in Wheeler's favor and sentenced him to thirty-three months.  The Government timely appealed.

To the district court and in its initial briefing before this court, the Government argued that Wheeler's prior crimes should be analyzed under a "simple robbery" analysis and that divisibility was not an issue it was pursuing:  in other words, "simple robbery" under Texas law qualified as the requisite "violent felony."

Many of the original arguments in this case are foreclosed by our recent decision in *United States v. Burris*, --- F.3d ----, No. 17-10478, 2018 WL 3430086, at *10 (5th Cir. July 16, 2018), which held that simple robbery is not a crime of violence for purposes of the ACCA.[1]

Following our decision in *United States v. Lerma*, 877 F.3d 628, 631 (5th Cir. 2017), *cert. denied*, 86 U.S.L.W. 3594 (2018), the Government shifted course somewhat, arguing that aggravated robbery is divisible and that Wheeler's crime fits the provision that the *Lerma* court deemed a "violent felony" under the ACCA (i.e., robbery using and exhibiting a deadly weapon). The Government conceded that this argument should be reviewed under "plain error," which has four prongs, the first two of which is that there was an error that was "clear or obvious."  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  For his part, Wheeler argues that this argument is waived by the Government's express determination in the district court not to argue divisibility.

---

[1] *Burris* cites a line of cases (*see, e.g., United States v. Rico-Mejia,* 859 F.3d 318, 321 (5th Cir. 2017)) that were relied upon in the now-vacated decision of *United States v. Reyes-Contreras,* 882 F.3d 113 (5th Cir.), *reh'g granted,* 892 F.3d 800, 801 (5th Cir. 2018) (mem.), which is the subject of a pending en banc rehearing.  *See Burris*, 2018 WL 3430086, at *7 n.51 (discussing en banc grant in *Reyes-Contreras*).  However, *Burris* expressly held that even if that line of cases were inaccurate, Texas's definition of "bodily injury" was itself overbroad relative to the ACCA "violent felony" definition.  *See id.*, 2018 WL 3430086, at *7.

No. 17-10607

We agree with Wheeler.   Only forfeited errors are subject to plain-error review; waived errors are entirely unreviewable, and, indeed, are not "errors" at all.  *See United States v. Olano*, 507 U.S. 725, 732–33 (1993); *accord Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016).   "[W]aiver is the 'intentional relinquishment or abandonment of a known right.'"  *Olano*, 507 U.S. at 733 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).   It occurs when a party "consciously decide[s] to forgo [an] objection at sentencing." *United States v. Rico*, 864 F.3d 381, 384 (5th Cir.), *cert. denied*, 138 S. Ct. 487 (2017); *accord, e.g., United States v. Collier*, 846 F.3d 813, 814 (5th Cir. 2017); *United States v. Rodriguez-De la Fuente*, 842 F.3d 371, 374 (5th Cir. 2016).

Throughout this litigation, the Government repeatedly made the intentional decision to forgo any argument based on the divisibility of the Texas aggravated robbery statute, as well as any argument based on differences between simple and aggravated robbery.  It told the district court it was not arguing divisibility and was, instead, arguing that categorically the Texas robbery statute constituted an ACCA violent felony.  In light of the Government's conscious decision to forgo the divisibility argument and the "aggravated robbery is different from simple robbery for this purpose" argument, we agree with Wheeler that the arguments are waived.

However, even if we decided that the Government's argument was not precluded by waiver, it would fail on plain error review because any error is not plain.  Following our decision in *Lerma*, our court, sitting en banc, decided *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), *petitions for cert. filed*, (U.S. Apr. 18, 2018) (No. 17-1445), and (U.S. May 21, 2018) (No. 17-9127).  *Herrold* cites *Lerma* and does not expressly overrule it, but Wheeler argues that the divisibility determination in *Herrold* cannot be squared with

that of *Lerma*.[2]  Both sides make robust arguments about *Herrold*'s impact (or lack thereof) on *Lerma*.  *Cf. United States v. Tanksley*, 848 F.3d 347, 350–52 (5th Cir.) (finding divisibility precedent abrogated where an intervening Supreme Court opinion unequivocally "instructed courts on how to identify truly divisible statutes"), *as supplemented*, 854 F.3d 284 (5th Cir. 2017).  We do not need to resolve this dispute because we conclude that the issue is sufficiently unclear that any error is not plain.

AFFIRMED.

---

[2] This argument was not raised in *Burris*.  Instead, the defendant there conceded that *Lerma* foreclosed any argument about his aggravated robbery conviction.  *See Burris*, 2018 WL 3430086, at *1.  Burris had a separate conviction for simple robbery that then formed the basis for the bulk of the discussion in that opinion.  *See id.*  We agree with Wheeler that Wheeler is not bound by Burris's concession in a case to which Wheeler was not a party.