# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60763
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WAUTESSE BELL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:16-CR-90-6

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Wautesse Bell pleaded guilty to Conspiracy to Possess with Intent to Distribute and to Distribute in Excess of 500 Grams of Cocaine Hydrochloride, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and Conspiracy to Defraud the United States, 18 U.S.C. § 371. Bell contends his within-Guidelines sentence of 225 months imprisonment is unreasonable because the district court impermissibly considered his criminal history, lack of consistent employment,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and large number of children.  Bell did not raise this objection with the district court.  We therefore review for plain error.  *United States v. Castaneda-Lozoya*, 812 F.3d 457, 459 (5th Cir. 2016).  We will alter Bell's sentence only if he demonstrates a clear or obvious error which affects his substantial rights and "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Puckett v. United States*, 556 U.S. 129, 135 (2009).

In assessing the reasonableness of a sentence, this court first reviews for "significant" procedural errors.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  If a sentence is procedurally sound, we review its substantive reasonableness in light of the totality of the circumstances.  *United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012).

A sentence within the advisory Sentencing Guidelines range is presumed reasonable.  *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir. 2008).  To rebut this presumption, a defendant must show his "sentence does not account for a factor that should receive significant weight," "gives significant weight to an irrelevant or improper factor," or "represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); 18 U.S.C. § 3553(a)(1) & (2)(A) (sentencing factors include the "history and characteristics of the defendant" and "need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense").

During sentencing, the district court reviewed Bell's substantial criminal history and five years of reported employment.  The judge expressed concern about the large amount of drugs Bell supplied to the community and the impact of those drugs on children.  These are proper considerations under the broad scope of § 3553(a).  *Harris*, 702 F.3d at 231; *United States v. Mondragon-Santiago*, 564 F.3d 357, 363 (5th Cir. 2009); *see also Pepper v. United States*,

No. 17-60763

562 U.S. 476, 490-91 (2011) ("Congress could not have been clearer in directing that '[n]o limitation ... be placed on the information concerning the background, character, and conduct' of a defendant that a district court may 'receive and consider....'") (quoting 18 U.S.C. § 3661).

Bell has not pointed to any other factor the district court should have considered or balanced. Thus, he has not rebutted the presumption of reasonableness. *Cooks*, 589 F.3d at 186. His "disagreement with the propriety of the sentence imposed" is insufficient to rebut the presumption, and "he has not shown any error, plain or otherwise." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). "Under the plain error standard, we will not disturb the sentence imposed merely because an appellant disagrees with the sentence and the balancing of factors conducted by the district court." *United States v. Rodriguez-De la Fuente*, 842 F.3d 371, 375 (5th Cir. 2016); *see also United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010). Because he neither rebutted the presumption of reasonableness nor satisfied his burden on plain error review, we affirm Bell's within-Guidelines sentence as reasonable.

AFFIRMED.