# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2020

Lyle W. Cayce
Clerk

No. 19-50942

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Eduardo Hinojosa-Almance,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-258-1

Before Higginbotham, Jones, and Higginson, *Circuit Judges*.
Patrick E. Higginbotham, *Circuit Judge*:

Appellant Luis Eduardo Hinojosa-Almance ("Hinojosa") pleaded guilty to marijuana-trafficking offenses and received two concurrent, within-Guidelines sentences of 27 months. On appeal, Hinojosa challenges the district court's denial of a sentencing adjustment for acceptance of responsibility, as well as the substantive reasonableness of his sentence. Finding no error, we affirm.

No. 19-50942

**I.**

Border Patrol agents arrested Hinojosa on March 17, 2019, after finding two bundles of marijuana in an auxiliary fuel tank attached to his truck. Within a few days, Hinojosa was released from custody on a $40,000 appearance bond. Among other conditions of his pretrial release, he was ordered not to drink alcohol excessively and to report any contact with law enforcement to the Pretrial Services Office within 24 hours. The following month, a grand jury returned a two-count indictment charging Hinojosa with importing and possessing marijuana with intent to distribute.[1] He pleaded guilty in June without a plea agreement, and his sentencing hearing was set for September.

Hinojosa maintained employment as a welder and supported his wife and two children while awaiting sentencing. However, he reported to Pretrial Services that on the night of August 3, 2019, he violated the excessive-drinking condition of his bond. He had caught a ride home with a friend after drinking twelve beers at a bar, then, once home, begun arguing with his wife. As the argument escalated, Hinojosa decided to leave the home. He drove away in his truck, still inebriated, but then recognized he was unfit to drive and pulled over, leaving his truck "at an unknown location." He walked back toward his house, where his sister had become so concerned about his driving under the influence that she called the police. By the time officers arrived, Hinojosa was at home and asleep.

In addition to this episode, Pretrial Services learned that Hinojosa had failed to timely report contact with law enforcement despite having received three traffic citations on July 6, 2019. As a result of these infractions, Hinojosa's pretrial release conditions were modified to prohibit alcohol use

---

[1] *See* 21 U.S.C. §§ 952, 960, 841(a)(1).

2

entirely, and Hinojosa was ordered to receive substance abuse counseling. He complied with the new conditions up until his sentencing hearing, attending AA meetings twice a week and abstaining from alcohol.

At sentencing, the district court denied Hinojosa's request for a downward adjustment for acceptance of responsibility, reasoning "that a defendant's failure to comply with conditions of a bond is highly relevant to assessing the sincerity of [his] contrition." Moreover, the drunk-driving incident was a sign that Hinojosa had not fully "withdrawn from criminal conduct." The district court also denied Hinojosa's motion for a downward variance and imposed two concurrent sentences of 27 months, at the bottom of Hinojosa's Guidelines range. On appeal, Hinojosa challenges the district court's denial of an acceptance-of-responsibility adjustment. He also contends that his 27-month sentence is substantively unreasonable.

## II.

## A.

Section 3E1.1(a) of the Sentencing Guidelines provides for a two-offense-level downward adjustment "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." The Guidelines furnish a nonexclusive list of factors for the district court to consider in determining whether a defendant qualifies for this adjustment, including "voluntary termination or withdrawal from criminal conduct or associations."[2] Although a defendant's "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction . . . will constitute significant evidence

---

[2] U.S.S.G. § 3E1.1 cmt. n.1(B).

No. 19-50942

of acceptance of responsibility,"[3] he "is not entitled to this adjustment simply by virtue of pleading guilty."[4] A guilty plea "may be outweighed by conduct . . . that is inconsistent with such acceptance of responsibility."[5]

"[W]e review the district court's interpretation and application of the sentencing guidelines de novo and its findings of fact for clear error."[6] However, because the district court "is in a unique position to evaluate a defendant's acceptance of responsibility,"[7] its denial of a § 3E1.1 adjustment is "reviewed with particular deference."[8] Such a "ruling should not be disturbed unless it is without foundation."[9]

**B.**

It is undisputed that Hinojosa violated his pretrial release conditions by failing to report police contact and drinking excessively. He also engaged in criminal conduct by driving under the influence of alcohol. Hinojosa argues that he was nevertheless entitled to a § 3E1.1(a) adjustment because his pretrial release violations were unrelated to his marijuana offenses, for which he "had sincerely and contritely accepted responsibility."

---

[3] *Id.* § 3E1.1 cmt. n.3.

[4] *United States v. Pierce*, 237 F.3d 693, 694 (5th Cir. 2001).

[5] U.S.S.G. § 3E1.1 cmt. n.3.

[6] *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019).

[7] *United States v. Cabrera*, 288 F.3d 163, 175 (5th Cir. 2002) (per curiam) (quoting U.S.S.G. § 3E1.1 cmt. n.5).

[8] *Lord*, 915 F.3d at 1017; *see United States v. Najera*, 915 F.3d 997, 1002 (5th Cir. 2019) (quoting *United States v. Maldonado*, 42 F.3d 906, 913 (5th Cir. 1995)) ("A district court's refusal to reduce a sentence for acceptance of responsibility is reviewed under a standard 'even more deferential than a pure clearly erroneous standard.'").

[9] *Maldonado*, 42 F.3d at 913 (internal quotation marks omitted) (quoting *United States v. Roberson*, 872 F.2d 597, 610 (5th Cir. 1989)).

No. 19-50942

It is not reversible error for the district court to deny a § 3E1.1(a) reduction where the defendant broke the law while on bond, even where those violations were not directly related to the underlying criminal conduct with which he was charged.[10] A district court may also consider any violation of the defendant's pretrial release conditions.[11] Even without considering Hinojosa's pretrial release violations, his driving while intoxicated supports the district court's decision, which is therefore not without foundation.

### III.

### A.

Hinojosa next contends that his 27-month sentence is substantively unreasonable. 18 U.S.C. § 3553(a) requires the district court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" enumerated by the statute, which include deterrence, public safety, and respect for the law.[12] Because Hinojosa properly preserved his objection, we review the reasonableness of his sentence for abuse of discretion.[13]

---

[10] *United States v. Rickett*, 89 F.3d 224, 225 (5th Cir. 1996) ("The district court may properly deny a reduction for acceptance of responsibility for failure to refrain from criminal conduct while on pretrial release."); *United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990) ("[T]he district court's interpretation that acceptance of responsibility includes refraining from any violations of the law is not without foundation.").

[11] *See Rickett*, 89 F.3d at 227 ("This court has also held that it was not improper for a district court to consider a defendant's failure to comply with the conditions of his bond in determining whether to grant a reduction for acceptance of responsibility." (citing *United States v. Hooten*, 942 F.2d 878, 882-83 (5th Cir. 1991)).

[12] 18 U.S.C. § 3553(a); *see id.* § 3553(a)(2)(A)–(D).

[13] At sentencing, Hinojosa's counsel argued that his 27-to-33-month Guidelines range was excessive and requested a sentence of 12 months and a day. However, counsel did not object to Hinojosa's sentence after it was pronounced. At the time of the parties' briefing in this case, it was unclear whether a post-pronouncement objection was necessary

No. 19-50942

Our review "is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant."[14] Moreover, we apply a presumption of reasonableness to within-Guidelines sentences like Hinojosa's.[15] That presumption is rebutted only upon a showing "that the district court did not consider a sentencing factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors."[16]

**B.**

Hinojosa contends that his 27-month sentence is "unnecessary" and "fails to account for [his] history and circumstances." He points out that he had a clean record prior to this offense, cooperated with authorities following his arrest, and maintained employment while addressing his alcoholism through AA. The record shows that the district court considered all these factors, which were ably presented by counsel at a lengthy hearing, before determining that a Guidelines sentence was appropriate. Hinojosa does not engage with the presumption of reasonableness that attends his sentence. Rather, his "claim amounts to a request that we reweigh the sentencing

---

to preserve a substantive-reasonableness challenge. However, the Supreme Court has since held that "advocating for a particular sentence" before the district court, as counsel did here, is sufficient to "inform[] the court of the legal error at issue" and preserve the defendant's "challenge to the substantive reasonableness of the sentence." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020).

[14] *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011) (internal quotation marks omitted) (quoting *United States v. Key*, 599 F.3d 469, 473 (5th Cir. 2010)).

[15] *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015).

[16] *United States v. Rodriguez-De la Fuente*, 842 F.3d 371, 375 (5th Cir. 2016); *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

No. 19-50942

factors and substitute our judgment for that of the district court, which we will not do."[17]

## IV.

For the foregoing reasons, the judgment of the district court is affirmed.

---

[17] *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017) (per curiam).