# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50018
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 23, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ernesto Fermin Rodriguez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-207-1

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.
Per Curiam:*

Ernesto Fermin Rodriguez pleaded guilty to possessing a firearm after being convicted of a felony, and he was sentenced to 120 months of imprisonment and three years of supervised release. Rodriguez challenges his sentence on appeal, arguing that he was entitled to a reduction in his

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

sentence pursuant to U.S.S.G. § 3E1.1 because he timely pleaded guilty and accepted responsibility for his firearm offense.

The district court declined to award an adjustment for acceptance of responsibility because Rodriguez had not voluntarily terminated and withdrawn from criminal conduct. *See* § 3E1.1 comment. (n.1(B)). The district court's decision was supported by sufficiently reliable and unrebutted evidence in the presentence report that (1) Rodriguez assaulted another inmate at the detention facility where he was held following his arrest in connection with the underlying offense and (2) during a random search of Rodriguez's cell at the detention facility, staff found a toothbrush sharpened at one end—a shank— under Rodriguez's pillow. *See United States v. Harris*, 702 F.3d 226, 230-31 (5th Cir. 2012); *see also United States v. Peterson*, 977 F.3d 381, 397 (5th Cir. 2020). Accordingly, the district court's determination to deny the adjustment under § 3E1.1(a) was not without foundation. *See United States v. Hinojosa-Almance*, 977 F.3d 407, 411 (5th Cir. 2020) ("It is not reversible error for the district court to deny a § 3E1.1(a) reduction where the defendant broke the law while on bond, even where those violations were not directly related to the underlying criminal conduct with which he was charged."); *see also United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990).

The district court's judgment is AFFIRMED.