# United States Court of Appeals for the Fifth Circuit

―――――――

No. 22-10700
Summary Calendar

―――――――

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Sarah Dillon,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-200-2

―――――――――――――――――――――

Before Jones, Haynes, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Sarah Dillon pleaded guilty to three counts of possession of stolen mail and received concurrent, within-guidelines sentences of 21 months. On appeal, she challenges the district court's denial of a sentencing adjustment for acceptance of responsibility. Finding no error, we AFFIRM.

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Section 3E1.1(a) of the Sentencing Guidelines provides for a two-level reduction in the offense level if the defendant "clearly demonstrates acceptance of responsibility for [her] offense." § 3E1.1(a). The defendant must establish that the reduction is warranted. *United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996). Although a guilty plea constitutes "significant evidence" of a defendant's acceptance of responsibility, it does not automatically entitle her to a two-level reduction, and "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." § 3E1.1, comment. (n.3); *see Flucas*, 99 F.3d at 180.

This court reviews the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Hinojosa-Almance*, 977 F.3d 407, 410 (5th Cir. 2020). Because the sentencing court is in a unique position to evaluate a defendant's acceptance of responsibility, this court affords great deference to the district court's determination and will "affirm the denial of a reduction for acceptance of responsibility unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019) (internal quotation marks and citation omitted); *see also* § 3E1.1, comment. (n.5).

It is not reversible error for the district court to deny a § 3E1.1(a) reduction where the defendant failed to comply with conditions of her pretrial release and engaged in post-arrest criminal conduct. *See United States v. Hooten*, 942 F.2d 878, 882-83 (5th Cir. 1991); *Hinojosa-Almance*, 977 F.3d at 411; *Flucas*, 99 F.3d at 180. It is undisputed that Dillon violated her pretrial release conditions by failing to comply with substance abuse treatment, failing to attend counseling sessions, failing to submit to urinalyses, failing to report to probation, and by using drugs while on pretrial release. Accordingly, the district court's determination that Dillon was not

No. 22-10700

entitled to a reduction for acceptance of responsibility was not without foundation. *See Lord,* 915 F.3d at 1017; *Hinojosa-Almance*, 977 F.3d at 411.

For the foregoing reasons, the judgment of the district court is AFFIRMED.