# United States Court of Appeals for the Fifth Circuit

———————

**No. 22-10739**
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES EARL GREEN, JR.,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CR-70-1

———————————————————————

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:[*]

James Earl Green, Jr., was convicted of attempted bank robbery. During sentencing, the district court varied upward from the United States Sentencing Guideline range and sentenced Green to 180 months imprisonment. Green filed a timely notice of appeal.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Green contests the substantive reasonableness of his sentence. This court reviews "an appellant's claim that [a] sentence is unreasonable for abuse of discretion. This review is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017) (internal citations and quotations omitted).

The district court must "impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (internal quotations omitted) (citing 18 U.S.C. § 3553(a)). 18 U.S.C. § 3553(a) also requires the district court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

Green contends the sentence was unreasonable because the district court failed to consider his age at the time he committed earlier, unscored offenses; the gap between his last offense and the instant crime; and his current age. The district court thoroughly explained why the relevant § 3553(a) factors supported Green's sentences, including his significant and lengthy criminal history, the failure of prior sentences to deter him from criminal conduct, and the violent circumstances of the instant attempted bank robbery. Thus, Green's "claim amounts to a request that we reweigh

the sentencing factors and substitute our judgment for that of the district court, which we will not do." *United States v. Hinojosa-Almance*, 977 F.3d 407, 412 (5th Cir. 2020) (internal quotations omitted). His challenge to the degree of the variance is likewise unavailing. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

AFFIRMED.