# United States Court of Appeals for the Fifth Circuit

No. 22-50348
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 27, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MERIAH SANCHEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-333-2

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Meriah Sanchez pled guilty to one count of conspiracy to possess with intent to distribute, and distribute, five grams or more of actual methamphetamine. *See* 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B). Based in part on the PSR determination that Sanchez was responsible for 54 grams of actual methamphetamine, the district court sentenced her to 150-months'

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

imprisonment and 5-years' supervised release. *See* USSG § 2D1.1. Sanchez now argues the court below erred in calculating the drug quantity. But because Sanchez waived this exact argument at sentencing, any such error is unreviewable.

Waiver is unlike forfeiture. "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Rodriguez-De la Fuente*, 842 F.3d 371, 374 (5th Cir. 2016) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). We review forfeited claims for plain error. Fed. R. Crim. P. 52(b). But "waived errors are entirely unreviewable." *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).

Sanchez intentionally waived any claim that the district court erroneously calculated the quantity of methamphetamine. The essence of her argument is that the court erred by applying the Guidelines range for pure methamphetamine to all 54 grams that were seized. Instead, she says, the court should have awaited a laboratory report on the concentration of actual methamphetamine in those drugs, or otherwise applied the Guideline for mixtures of controlled substances. *See* USSG § 2D1.1(c) (setting different guidelines for "actual" methamphetamine and mixtures containing detectable amounts of methamphetamine). Sanchez, however, knowingly abandoned this claim. At sentencing, Sanchez's counsel noted that he "still ha[d] not received a drug lab" on the purity of the methamphetamine at issue. The district court judge offered to reset the hearing to sort out the drug-quantity issue. Sanchez and her lawyer declined, thus waiving any future challenge to that calculation. *Cf. Rodriguez-De la Fuente*, 842 F.3d at 374 (similar).

AFFIRMED.