# United States Court of Appeals for the Fifth Circuit

---

No. 22-50851
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JADEN RENE JOHNSON,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-80-1

---

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Jaden Rene Johnson pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Johnson was sentenced to forty-one months imprisonment and three years supervised release. He appeals the district

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court's refusal to apply an offense level reduction based on acceptance of responsibility. For the reasons below, we AFFIRM.

After Johnson was indicted and before he pled guilty, he assaulted another detainee in a detention facility. When computing Johnson's offense level, the probation officer did not apply a decrease for acceptance of responsibility under U.S.S.G. § 3E1.1 because of that assault. Johnson submitted objections to the presentencing report ("PSR"), in which he took issue with the lack of reduction in his offense level. The district court adopted all of the findings in the PSR and declined to apply a reduction for acceptance of responsibility, imposing a within-guidelines sentence of forty-one months imprisonment. Johnson claims that the district court erred by denying him an offense level decrease for acceptance of responsibility.

We review a district court's interpretation or application of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). However, the district court's denial of a reduction for acceptance of responsibility will be affirmed unless the decision was "without foundation." *Id.* at 211. This standard of review is "more deferential than the clearly erroneous standard." *United States v. Anderson*, 174 F.3d 515, 525 (5th Cir. 1999).

Here, the district court did not err in refusing to grant a reduction for acceptance of responsibility. While in detention pending the disposition of his case, Johnson assaulted another detainee. The district court properly considered that incident in determining whether Johnson was eligible for a reduction because the Sentencing Guidelines direct district courts to consider whether "the defendant withdrew from criminal conduct after being charged in the pending offense." *United States v. Franks*, 46 F.3d 402, 406 (5th Cir. 1995) (per curiam) (citing § 3E1.1, comment n.1(B)). Whether Johnson's conduct was related to the charged offense of possession of a

No. 22-50851

firearm by a convicted felon is irrelevant because "[a] district court may also consider *any* violation of the defendant′s pretrial release conditions." *United States v. Hinojosa-Almance*, 977 F.3d 407, 411 (5th Cir. 2020) (emphasis added); *see also United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990) (holding that "acceptance of responsibility includes refraining from any violations of the law").

Because Johnson engaged in criminal conduct after being charged with the instant offense, the district court's denial of a reduction was not without foundation. The sentence imposed by the district court is AFFIRMED.