# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-50749
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kyle Vaughn,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-61-3

_____

Before Jones, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Kyle Vaughn pled guilty to conspiracy to distribute and to possess with intent to distribute 50 grams or more of actual methamphetamine after a prior conviction for a serious violent felony, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), 841(a)(1), and 851, and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50749

The district court sentenced him to 240 months of imprisonment for the drug conspiracy conviction and a consecutive 60-month term of imprisonment for the § 924(c) conviction. On appeal, he contends that his within-guidelines sentence was substantively unreasonable.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence imposed within a properly calculated guidelines range is presumptively reasonable. *United States v. Neba*, 901 F.3d 260, 263 (5th Cir. 2018). Before imposing a within-guidelines sentence, the district court considered the advisory guidelines range, Vaughn's arguments for a sentence at the bottom of the guidelines range, and the § 3553(a) factors. While Vaughn contends that the sentence was greater than necessary and did not adequately take into account his history and circumstances, he has failed to demonstrate "that the district court did not consider a sentencing factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors." *United States v. Hinojosa-Almance*, 977 F.3d 407, 412 (5th Cir. 2020) (quoting *United States v. Rodriguez-De la Fuente*, 842 F.3d 371, 374 (5th Cir. 2016)). The district court's statements at sentencing did not amount to an abuse of discretion. *See Gall*, 552 U.S. at 51. Moreover, "an argument premised primarily on sentencing disparity is insufficient to render a sentence substantively unreasonable." *United States v. Hernandez*, 633 F.3d 370, 379 (5th Cir. 2011).

Because Vaughn has not rebutted the presumption of reasonableness that attached to his within-guidelines sentence, he has failed to demonstrate that his sentence is substantively unreasonable. *See Neba*, 901 F.3d at 263. Accordingly, the judgment of the district court is AFFIRMED.