# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-11068
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Fernando Martinez-Hernandez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-41-1

---

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Jose Martinez-Hernandez pleaded guilty of illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(2) and was sentenced to 46 months of imprisonment and two years of supervised release.

On appeal, Martinez-Hernandez first contends that this within-guidelines sentence was substantively unreasonable. We review the substan-

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

tive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence imposed within a properly calculated guidelines range is presumptively reasonable. *United States v. Neba*, 901 F.3d 260, 263 (5th Cir. 2018). Before imposing a within-guidelines sentence, the district court considered the advisory guidelines range, Martinez-Hernandez's arguments for a sentence at the bottom of the guideline range, and the 18 U.S.C. § 3553(a) factors. Although Martinez-Hernandez claims that the sentence did not adequately take into account personal history and circumstances, Martinez-Hernandez has failed to demonstrate "'that the district court did not consider a sentencing factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors.'" *United States v. Hinojosa-Almance*, 977 F.3d 407, 412 (5th Cir. 2020) (quoting *United States v. Rodriguez-De la Fuente*, 842 F.3d 371, 374 (5th Cir. 2016)). Because Martinez-Hernandez has not rebutted the presumption of reasonableness that attached to the within-guidelines sentence, Martinez-Hernandez has failed to demonstrate that the sentence is substantively unreasonable. *See Neba*, 901 F.3d at 263.

Additionally, Martinez-Hernandez maintains that the sentence exceeds the statutory maximum and is therefore unconstitutional because it was enhanced based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Martinez-Hernandez acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but seeks to preserve it for possible Supreme Court review. Subsequent decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019). Thus, Martinez-Hernandez is correct that this argument is foreclosed.

The judgment is AFFIRMED.