# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2023

Lyle W. Cayce
Clerk

———————

No. 22-40323
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Edgar Yvan Moreno Barragan,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-240-7

———————————————————

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Edgar Yvan Moreno Barragan appeals his conviction of conspiracy to possess with intent to distribute five kilograms or more of cocaine and aiding and abetting the possession with intent to distribute five kilograms or more of cocaine, as well as the resulting concurrent terms of 120 months of imprisonment. First, he argues that the district court erred by denying his

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

motion for a judgment of acquittal. He acknowledges that the Government established the possession with intent to distribute over 100 kilograms of cocaine by multiple individuals, a conspiracy to do the same, and even the transportation of such cocaine. He disagrees, however, that the Government provided any evidence that he voluntarily participated in the conspiracy or aided and abetted the possession with intent to distribute the cocaine.

Here, there was ample evidence introduced at trial to permit a rational jury to conclude beyond a reasonable doubt that Moreno Barragan voluntarily participated in the conspiracy. *See United States v. Ragsdale*, 426 F.3d 765, 770-71 (5th Cir. 2005); *United States v. Thomas*, 690 F.3d 358, 366 (5th Cir. 2012). In light of the evidence presented at trial, a reasonable jury could infer that the mechanic shop was not an operational shop at all, but a location where conspirators loaded hidden compartments in vehicles with cocaine for further transport to various locations. Likewise, a reasonable jury could infer that the hidden compartment in the car that Moreno Barragan drove was loaded with cocaine at the mechanic shop and unloaded once it arrived at the North 32nd Street residence. In light of the aforementioned reasonable inferences, law enforcement testimony placed Moreno Barragan with the vehicle while cocaine was being loaded into and unloaded from the vehicle. It would be unreasonable for Moreno Barragan to be present for loading and unloading of cocaine were he not a knowledgeable participant in the conspiracy. *See United States v. White*, 219 F.3d 442, 447 (5th Cir. 2000). Further, his nervousness and dishonesty during the traffic stop are evidence of "guilty knowledge of and participation in the charged conspiracy." *United States v. Ayala*, 887 F.2d 62, 68 (5th Cir. 1989). Finally, multiple text messages, pictures, and videos on Moreno Barragan's phone, taken together, suggest his involvement in narcotics trafficking.

Similarly, there was sufficient evidence introduced at trial to permit a rational jury to conclude beyond a reasonable doubt that Moreno Barragan

aided and abetted the possession with intent to distribute cocaine. *See Ragsdale*, 426 F.3d at 770-71; *United States v. Scott*, 892 F.3d 791, 798-99 (5th Cir. 2018). As is typical, the trial evidence supporting Moreno Barragan's participation in the conspiracy also supports his aiding and abetting conviction. *See Scott*, 892 F.3d at 799. Accordingly, the district court did not err by denying his motion for judgment of acquittal. *See Ragsdale*, 426 F.3d at 770-71.

Moreno Barragan did not adequately brief, and has thus waived, his contention that the district court committed legal error by telling the jury that the law did not allow it to aid the jury in understanding a jury instruction. *See United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009); *United States v. Miranda*, 248 F.3d 434, 443 (5th Cir. 2001).

Alternatively, Moreno Barragan argues that the district court erred by finding him ineligible for a reduction for acceptance of responsibility because he chose to go to trial. The sentencing transcript makes clear that the district court was aware of its ability to award a reduction for acceptance of responsibility despite Moreno Barragan's decision to go to trial. Because Moreno Barragan continued to deny his involvement in the cocaine conspiracy and trafficking efforts, there is nothing in the record suggesting sincere contrition on his behalf. *See United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003); U.S.S.G. § 3E1.1(a); § 3E1.1, comment. (n.2). Accordingly, the district court's decision to deny the reduction was not without foundation. *See United States v. Hinojosa-Almance*, 977 F.3d 407, 410 (5th Cir. 2020).

In light of the foregoing, the judgment of the district court is AFFIRMED.