# United States Court of Appeals for the Fifth Circuit

No. 23-50622
CONSOLIDATED WITH
No. 23-50624

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NOEL ROMERO-TREJO,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 2:19-CR-1878-1,
2:22-CR-1973-1

_____

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges.*

PER CURIAM:[*]

Noel Romero-Trejo appeals the 57-month term of imprisonment imposed following his guilty plea conviction for illegal reentry into the United States and the consecutive nine-month term of imprisonment imposed following the revocation of his term of supervised release.  First, Romero-

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Trejo argues that the district court committed a significant procedural error by failing to clearly articulate its rationale for ordering his revocation sentence to run consecutively to his illegal reentry sentence. Because he did not object on this basis in the district court, our review is limited to plain error. *See United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The record indicates that the district court stated that it had reviewed the relevant policy statements and the facts in the petition. Additionally, it listened to Romero-Trejo's arguments and was aware of Romero-Trejo's circumstances. Thus, the district court indicated its rationale for ordering the revocation sentence to run consecutively to the illegal reentry sentence. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007). Accordingly, Romero-Trejo fails to show plain error. *See Puckett*, 556 U.S. at 135.

Next, he asserts that the 57-month within-guidelines sentence imposed following his illegal reentry conviction is substantively unreasonable. Because he advocated for a sentence shorter than 57 months at sentencing, he preserved his challenge to the substantive reasonableness of his illegal reentry sentence. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 173-75 (2020). His within-guidelines sentence is presumptively reasonable, and he can only rebut this presumption by showing "that the district court did not consider a sentencing factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors." *United States v. Hinojosa-Almance*, 977 F.3d 407, 412 (5th Cir. 2020) (internal quotation marks and citation omitted). His argument that his sentence for illegal reentry should not receive the usual presumption reasonableness because U.S.S.G. § 2L1.2 is not empirically

based is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Romero-Trejo maintains that the district court made a clear error of judgment when balancing the 18 U.S.C. § 3553(a) factors by giving too much weight to his criminal history and overstating the seriousness of the offence. We have rejected his argument that § 2L1.2's double counting of criminal history renders a sentence substantively unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Further, we have repeatedly held that a defendant fails to rebut the presumption of reasonableness given to a within-guidelines sentence with the argument that illegal reentry is merely trespass and not a crime posing danger to others. *See, e.g.*, *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Accordingly, Romero-Trejo fails to establish that the district court made a clear error of judgment in balancing the relevant sentencing factors, and he fails to rebut the presumption of reasonableness given to his sentence. *See Hinojosa-Almance*, 977 F.3d at 412.

Finally, he contends that his consecutive nine-month revocation sentence is substantively unreasonable. Because he explicitly requested that his revocation sentence run concurrently to his illegal reentry sentence, he preserved his challenge to the substantive reasonableness of the consecutive nature of his revocation sentence. *See Holguin-Hernandez*, 589 U.S. at 173-75. A challenge to a revocation sentence is reviewed under a plainly unreasonable standard. *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018). Under this standard, to prevail on a challenge to the substantive reasonableness of a revocation sentence, the defendant must first show that the sentence was an abuse of discretion. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (internal quotation marks and citation omitted). A revocation sentence "is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant

weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020) (internal quotation marks and citation omitted).

Romero-Trejo's conclusory assertion that his consecutive revocation sentence, and thus the resulting 66-month total term of imprisonment, is greater than necessary to satisfy the sentencing goals of § 3553(a) is insufficient to rebut the presumption of reasonableness attached to his sentence. *See Cano*, 981 F.3d at 427; *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006). Accordingly, he fails to show that his revocation sentence is plainly unreasonable. *See Miller*, 634 F.3d at 843.

AFFIRMED.