# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-30611
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Rivera Chavez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:23-CR-252-1

_____

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Antonio Rivera Chavez challenges his within-Guidelines 327-months' sentence, imposed following his guilty-plea conviction for production of child exploitative material, in violation of 18 U.S.C. § 2251(a). In doing so, he contests: the district court's denial of a base-offense-level reduction under

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30611

Sentencing Guideline § 3E1.1 (quoted *infra*); and the substantive reasonableness of his sentence.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id*. at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Chavez first contends that the court erred in denying him a reduction for acceptance of responsibility under Guideline § 3E1.1. We review a properly-preserved (as here) objection to the denial of a reduction for acceptance of responsibility using "a standard even more deferential than a purely clearly erroneous standard". *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003) (citation omitted). Along that line, we afford great deference to the district court's determination and will "affirm the denial of a reduction for acceptance of responsibility unless it is without foundation". *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019) (citation omitted).

The Guidelines provide for a two-level reduction to defendant's base offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense". U.S.S.G. § 3E1.1(a). Evidence of defendant's acceptance of responsibility may be outweighed by conduct inconsistent with such a claim, *see* U.S.S.G. § 3E1.1 cmt. n.3; and defendant has the burden of proving his entitlement to the reduction, *United States v. Sanchez-Ruedas*, 452 F.3d 409, 414–15 (5th Cir. 2006).

The record supports the court's finding that Chavez continued to send sexually-explicit messages to the victim (his stepdaughter) after his arrest for the instant offense, resulting in his Louisiana arrest for indecent behavior with a juvenile. His actions reflect that he lacked remorse and did not accept responsibility for his actions. *See United States v. Hildreth*, 108 F.4th 912, 914–15, 918 (5th Cir. 2024) (affirming denial of reduction because, after indictment, defendant was arrested for assaulting his father and his fiancée); *United States v. Hinojosa-Almance*, 977 F.3d 407, 411 (5th Cir. 2020) (affirming denial of reduction where defendant violated pretrial-release conditions by failing to report police contact, drinking excessively, and driving under influence of alcohol). Chavez has not shown the denial of a reduction for acceptance of responsibility was without foundation. *See Lord*, 915 F.3d at 1017.

Turning to Chavez' substantive-reasonableness challenge, and as discussed *supra*, we review for abuse of discretion, *e.g.*, *Gall*, 552 U.S. at 46, 51, with substantial deference given to the district court's assessment of the 18 U.S.C. § 3553(a) sentencing factors, *e.g.*, *United States v. Fatani*, 125 F.4th 755, 761 (5th Cir. 2025). Moreover, a rebuttable presumption of reasonableness applies, as here, to a properly-calculated, within-Guidelines sentence. *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The presumption "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors". *Cooks*, 589 F.3d at 186.

Chavez contends that the court did not give sufficient weight to the Sentencing Commission's Judiciary Sentencing Information database. He asserts that, if the court had given proper weight to the Sentencing

No. 24-30611

Commission's findings, it would have imposed a sentence no greater than the average sentence of 243-months' imprisonment.

The record shows the court did not abuse its discretion, as it weighed Chavez' contentions and explained the chosen sentence in the context of the § 3553(a) sentencing factors, including protection of the public. *See Gall*, 552 U.S. at 51; *Cooks*, 589 F.3d at 186. At most, Chavez' contentions amount to a disagreement with how the relevant considerations were balanced, but we will not independently reweigh the § 3553(a) sentencing factors or substitute our judgment for that of the district court. *E.g.*, *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.") (citation omitted).

AFFIRMED.